No. 7588.

## NORDYKE, MARMON & Co. *v.* DICKSON ET AL.

**JUDGMENT.**—*Verdict.*—*Practice.*—As a rule, the judgment must follow the verdict; and where this has been asked for and denied, and a proper exception has been reserved, the judgment will be reversed on appeal, unless the record discloses a valid and sufficient reason for the ruling of the trial court.

**SAME.**—*Mechanic's Lien.*—Where, upon the trial of an action to recover for materials furnished and for labor done in the construction of a building, and to enforce a mechanic's lien acquired thereon, the jury return a verdict for the plaintiff, that the allegations of the complaint are true, and assess the recovery, it is error for the trial court to overrule the plaintiff's motion for an order for the enforcement of the mechanic's lien on the property described in the complaint.

From the Hamilton Circuit Court.

*D. Moss* and *J. A. Harrison*, for appellant.
*W. R. Pierse*, for appellees.

HOWK, C. J.—This was a suit by the appellant, a corporation of that name, against the appellees, James M. Dickson, James M. Dickson, Jr., and John H. Dickson, partners under the firm name of J. M. Dickson & Sons, and certain judgment creditors of said firm. The object of the suit was to collect a certain sum of money, alleged to be due the appellant for materials furnished and work and labor done by it in the erection and construction of a certain grist-mill for the said firm of J. M. Dickson & Sons and at their request, and to enforce a mechanic's lien acquired by the appellant on said mill and its machinery, and the real estate whereon the same were situate, in Madison county, Indiana, under and pursuant to the provisions of the code in regard to such liens. The suit was commenced in the Madison Circuit Court ; but after the issues were joined therein, on the appellant's application, the venue thereof was changed to the court below.

The cause was there tried by a jury, and a verdict was returned for the appellant, in these words, to wit : "We, the

jury, find for the plaintiff, that the allegations of its complaint are true, and assess its damages at seven hundred dollars." [Signed,] HENRY HAROLD, Foreman."

Thereupon the appellant moved the court "for a judgment on the verdict of the jury for the sum of $700, and an order for the enforcement of the mechanic's lien, set out in its complaint;" which motion the court sustained as to the amount of the verdict, and overruled the same as to an order for the enforcement of the mechanic's lien, and to this latter ruling the appellant at the time excepted. The court then rendered judgment, in favor of the appellant and against the said J. M. Dickson & Sons, for the said sum of $700 and the costs of suit; and from this judgment this appeal is now here prosecuted by the appellant, the plaintiff below.

The only error assigned by the appellant, in this court, is the decision of the trial court, in overruling its motion for an order for the enforcement of its mechanic's lien in accordance with the prayer of its complaint.

We are of the opinion that the trial court clearly erred in overruling the appellant's motion for an enforcement of its mechanic's lien, by an order for the sale of the grist-mill and machinery, and the appellees' interest in the real estate, on which the same were situate, as described in the complaint. The allegations of the complaint were full, clear and explicit in regard to the appellant's acquisition of a mechanic's lien upon the property in question for the amount due it from the firm of J. M. Dickson & Sons, on account of the erection and construction of the mill, in the manner and within the time prescribed by the statute. The verdict of the jury was broad and comprehensive in its terms, covering all the allegations of the complaint, as well those in regard to the alleged mechanic's lien as those relating to the indebtedness of J. M. Dickson & Sons to the appellant, and finding that all said allegations were true. If there is any valid or sufficient reason for denying the appellant the relief it sued for,

Nordyke, Marmon & Co. *v.* Dickson *et al.*

and which it was clearly entitled to upon the verdict of the jury, namely, the enforcement of its mechanic's lien by the sale of the property, under the judgment and order of the court, we have been wholly unable to find such reason, and the record fails to disclose it.

The appellees' counsel, as we understand his argument, concedes that the record fails to show why the court did not enforce the appellant's lien, by an order for the sale of the property; but he says we must presume, in favor of the action of the court below, that it refused to enforce the lien, by an order for the sale of the property, for a good and sufficient reason. That is an application of the doctrine of presumptions, in favor of the ruling of the trial court, which is palpably erroneous, and which we can not approve. Upon the allegations of its complaint, and the verdict of the jury, the appellant was clearly entitled, as it seems to us, to the judgment and order of the circuit court, declaring and enforcing its mechanic's lien by the sale of the property described in the complaint. The rule is, that the judgment must follow the verdict, and, where this has been asked for and denied, and the proper exception has been reserved, the judgment below will be reversed on appeal, unless the record discloses a valid and sufficient reason for the ruling of the circuit court. In this case, the court erred, we think, in overruling the appellant's motion for an order for the enforcement of its mechanic's lien, set out in its complaint.

The judgment below, in overruling the appellant's motion for an order for the enforcement of its mechanic's lien on the property described in the complaint, by the sale thereof, is reversed, at the appellees' costs, and the cause is remanded, with instructions to render judgment for the enforcement of said lien, in accordance with this opinion.