# LAKE ERIE AND WESTERN RAILROAD COMPANY *v.* REED.

[No. 8,079. Filed November 21, 1913. Rehearing denied May 26, 1914. Transfer denied October 13, 1914.]

1. JUDGMENT.—*Conformity to Verdict.*—Under §590 Burns 1914, §564 R. S. 1881, providing that when a trial by jury has been had, and a general verdict rendered, the judgment must be in conformity to the verdict, the trial court has no discretion in the judgment it may render, if any is rendered, except that under §§572, 573 Burns 1914, Acts 1897 p. 128, §547 R. S. 1881, where a motion for judgment on the jury's answers to interrogatories is interposed, it has implied authority to render judgment thereon instead of on the verdict. p. 68.

2. JUDGMENT.—*Motion for Judgment Contrary to Verdict.*—A motion for judgment in favor of a party against whom a verdict has been rendered is unauthorized, and the court has no other alternative but to render judgment on the verdict, or on the jury's answers to interrogatories, where such have been returned and are sufficient to overcome the verdict, or to set aside the verdict and grant a new trial. p. 68.

3. RAILROADS.—*Crossing Accidents.—Trial.—Verdict.—Conformity to Complaint.*—Where the complaint in an action against a railroad company, and the engineer on its train, for injuries incurred at a railroad crossing, charged negligence generally against both defendants and also alleged that both were negligent in the operation of the train contrary to the provisions of certain city ordinances therein set out, and did not charge negligence against the defendant engineer alone, or against the defendant company "by and through its engineer", and the ordinances set out provided against possible violation not only by an engineer, but by a "conductor or other person having a railroad engine or train of cars in charge", a verdict for plaintiff against the company alone and in favor of the engineer was warranted, since even though the charge of negligence in violating the ordinances were construed as amounting to a charge of negligence against defendant by and through its engineer, the general averments of negligence were sufficient to cover all negligence of which the company might have been guilty either through its engineer or any other of its agents. p. 70.

4. RAILROADS. — *Crossing Accidents. — Complaint. — Negligence. —* Averments in a complaint for injuries sustained in a crossing accident charging negligence generally in the operation of defend-

ant's train are not excluded by the fact that specific charges of negligence in the violation of city ordinances are also contained therein. p. 73.

5. APPEAL.—*Review.*—*Verdict.* — *Presumptions.* — Where the complaint was sufficient to admit proof to warrant the verdict, it will be presumed, as against alleged error in overruling a motion for judgment for defendant notwithstanding a verdict for plaintiff, that such proof was made. p. 73.

6. APPEAL.—*Review.*—*Ruling on Motion for Judgment Notwithstanding Verdict.*—In an action against a railroad company and its engineer for negligence, in which the jury returned a verdict for the engineer and against the company, and the company moved for judgment, the court on appeal can not hold the overruling of such motion to be erroneous, even though the complaint is construed as charging such negligence as the company could commit by and through its engineer alone, since without reference to the evidence, which can not be considered in the absence of a motion for new trial, the court can not know which part of the verdict conformed to the law and the evidence. pp. 73, 74.

7. APPEAL.—*Presumptions.*—*Burden to Show Error.*—On appeal all presumptions are indulged in favor of the general verdict and the judgment rendered thereon, and the burden rests on the appellant to show prejudicial error therein. p. 74.

8. TRIAL. — *Answers to Interrogatories.* — *Conclusions of Law.* — Where the answers of the jury to interrogatories are conclusions of law, they should be disregarded by the court in passing on a motion for judgment on the answers. p. 78.

9. NEGLIGENCE. — *Question of Law or Fact.* — *Proximate Cause.* — Under certain conditions proximate cause may be a question of law for the court. p. 78.

10. NEGLIGENCE.—*Imputed Negligence.*—*Negligence of Driver.*—The negligence of the driver of an automobile, with whom plaintiff was riding when struck by a train could not be charged against plaintiff and could not relieve the railroad company from liability for its negligence, unless it was the sole proximate cause of the injury. p. 78.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by Charles Reed against the Lake Erie and Western Railroad Company and another. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*W. H. H. Miller, C. C. Shirley, S. D. Miller, W. H. Thompson* and *John B. Cockrum,* for appellant.

*Earl Sample, A. J. Shelby* and *Wymond J. Beckett,* for appellee.

HOTTEL, P. J.—This action was brought by appellee against the appellant, and its locomotive engineer, Frank Miller, for damages, for personal injuries, resulting from a collision alleged to have been caused by the negligence of appellant and said Miller in the operation of appellant's train. The collision occurred at a crossing of the railroad company's tracks and South East Street in the city of Indianapolis. The issues of fact were tendered by a complaint in one paragraph and a general denial thereof. There was a trial by jury which resulted in the following verdict: "We, the jury, find for the plaintiff and against the defendant, L. E. & W. Railway Company, and we assess his damages at Five Thousand Dollars ($5,000), *and we find for the defendant, Frank Miller."*

A motion by Miller for judgment in his favor on the verdict was sustained, without objection or exception by either appellant or appellee. Later the appellant filed a written motion for judgment in its favor "for the reason that the acts of negligence charged in the complaint were committed by its codefendant, Frank Miller, who was, as alleged in said complaint, a servant and employe of this defendant, and, the jury having returned a verdict in favor of said defendant, Frank Miller, there can not be any judgment rendered against this defendant in this cause but this defendant is entitled to judgment in its favor." This motion was overruled and the appellant then moved for judgment on the answers of the jury to the interrogatories notwithstanding the general verdict, which motion was also overruled and there was judgment on the verdict for appellee against appellant for the sum of $5,000. Proper exceptions were saved by appellant to the court's ruling on each of said motions, and these rulings are, in different form, assigned as error and relied on for reversal.

It is contended by appellant that the ruling on its first motion presents reversible error. In answer to this contention it is insisted by appellee that no question is pre-

sented by such ruling because the motion on which the ruling was made is not authorized by statute or by the practice in this State. Section 590 Burns 1914, §564 R. S. 1881, expressly provides that "When a trial by jury has been had, and a general verdict rendered, the judgment must be in conformity to the verdict." This section of the statute is mandatory and by it the trial court is given no discretion in the judgment it may render where there is a trial by jury and a general verdict, but the judgment in such case, if any be rendered, *"must"* conform to such verdict, and we know of no motion recognized by the law that will authorize a different judgment except a motion for judgment on the answers to interrogatories which is impliedly authorized by §§572, 573 Burns 1914, Acts 1897 p. 128, §547 R. S. 1881. If these sections of the statute can be said to leave any doubt as to what is the proper practice in such cases, it would seem that such doubt ought to be removed by the following expressions of the Supreme Court on such subject.

In the case of *Mitchell* v. *Geisendorff* (1873), 44 Ind. 358, a jury had returned a special verdict in favor of the plaintiff for $175 if the law was with the plaintiff. The court, however, concluded from the facts found that the plaintiff was entitled to a judgment for $8,000. The Supreme Court in discussing such action of the trial court on page 360 said: "This action of the court was clearly erroneous. The court must enter a judgment on the verdict, or set it aside and grant a new trial, which was asked by the plaintiff in this case and refused. * * * 'Where the verdict is special, or where there has been a special finding on particular questions of fact, the court shall render the proper judgment.' 2 G. & H. 218, sec. 371. *The 'proper judgment' here named means a judgment on the verdict and can mean nothing else."* (Our italics.) In the case of *Northwestern, etc., Ins. Co.* v. *Blankenship* (1884), 94 Ind. 535, 48 Am. Rep. 185, where the jury returned a general verdict

in favor of the plaintiff and answers to interrogatories, the plaintiff filed a motion for judgment upon the general verdict and the special findings of the jury in answer to interrogatories. In discussing such motion the Supreme Court on page 540 said: "The motion here was not for judgment upon the special findings notwithstanding the verdict; it was for 'judgment for the plaintiff on the general verdict and on the special findings'. There was no error in overruling that motion; *such a motion is not authorized by the statutes.* R. S. 1881, sections 546, 547. The only reason for a judgment on the special findings is that they are contrary to, and, therefore, control the general verdict; but here the motion was for judgment upon both. In such a case, *it was proper to render judgment upon the general verdict.*" (Our italics.) See also, *Reid* v. *State, ex rel.* (1877), 58 Ind. 406, 407; *Bowlas* v. *Stout* (1877), 60 Ind. 267, 271; *Nordyke & Marmon Co.* v. *Dickson* (1881), 76 Ind. 188, 190; *Dawson* v. *Shirk* (1885), 102 Ind. 184, 188, 1 N. E. 292.

These authorities lead to but one conclusion, viz., that the rendition of judgment on a general verdict is a judicial act that can be exercised only in conformity to the statute which authorizes it, and that the sections of statute controlling upon this subject when construed together, require that a judgment in any case must either conform to the general verdict or must be in accord with answers to the interrogatories where they are such as to overthrow the general verdict, or otherwise the general verdict must be set aside and a new trial granted. Appellant contends in effect that such motion amounted to and should be treated simply as a motion for judgment in its favor on the general verdict, and that the statute above quoted requires only that the court shall conform its judgment to the general verdict to the extent that such general verdict conforms to the law and the facts. Assuming, without deciding, that such motion should be so construed, and that by the ruling thereon there is presented to this court the question whether, on the grounds stated

therein, the trial court erred in refusing to enter judgment in appellant's favor, we are still of the opinion that, under the rules which should govern this court in its consideration of such question, that the ruling of the trial court thereon can not be said to present available error. It is open to serious doubt whether in considering such question the statute quoted authorizes this court to look to, or consider, anything other than the general verdict and such motion, but this we need not and do not decide, because it is enough to say that in considering such question we are not required or authorized to look to the evidence.

If appellant be given the benefit of the rule which governs this court in passing on a motion for judgment on the answers to interrogatories, which is all that it asks, and 3. we look to the pleadings as well as to such general verdict, the same conclusion must follow. When this is done, we find that the averments of the complaint on the subject of negligence warrant the verdict returned by the jury. These averments are as follows: "the defendant, Lake Erie and Western Railroad Company, had in its employ, defendant, Frank Miller, * * * as its engineer, * * * who had charge of one of defendant * * * company's locomotives and ran and operated the same for the defendant company. On the 21st day of April, 1910, said * * * Miller was in charge of and operating, in the line of his employment, and for and on behalf of the defendant, * * * Railroad Company, a locomotive engine upon its tracks, and ran and operated the same for * * * defendant, * * * Company, upon its track over and across said South East Street in said city, as agent and servant of said * * * company * * *. Plaintiff approached from the north upon said South East Street, defendant's said track, upon which said * * * Miller was operating one of * * * defendant * * * company's locomotive engines. * * * Plaintiff was riding in an automobile truck of the patrol wagon type, * * *

as a guest of the driver or operator of said machine.   *   *   *
When said automobile had reached said track and as it ran
upon said tracks in said South East Street, the *defendants*
negligently approached said crossing from the west at a
high and dangerous rate of speed and negligently ran said
engine toward and against the automobile in which this
plaintiff was riding, as aforesaid, and negligently thereby
caused said locomotive to strike the said automobile and
overturn the same and injure this plaintiff without his
fault.   *   *   *   *Defendants* negligently ran said locomo-
tive toward and over said highway and against the automo-
bile in which this plaintiff was riding, at a high and danger-
ous rate of speed, to wit:   twenty-five (25) miles an hour,
in violation of an ordinance of the city of Indianapolis,
which ordinance limits the rate of speed of locomotive en-
gines while passing through said city of Indianapolis, at
the rate of four (4) miles an hour, which ordinance was in
full force and effect at the time, and which ordinance is in
the words and figures following, to wit:   *   *   *   *Defend-
ants* negligently ran said locomotive toward said crossing
and over the same without ringing the bell attached to said
locomotive, or without giving any signal of its approach,
all in violation of an ordinance of said city of Indianapolis,
which said ordinance was in full force and effect at the time,
and which ordinance is in the words and figures following,
to wit:   *   *   *   By reason of all of defendants negli-
gence as herein alleged, this plaintiff was injured without
his fault.''

It will be observed from these averments that the negli-
gence charged is against both Miller and appellant.   There
is no charge of negligence against Miller alone, and no
charge that appellant *by and through its engineer Miller*
was guilty of any of the acts of negligence charged.   The
charges are that the *defendants* (both Miller and appellant)
''negligently approached the crossing,'' that the ''*defend-
ants*'' negligently ran said engine toward and against the

automobile, and that the *"defendants"* thereby negligently caused said locomotive to strike said automobile, etc. In every averment of negligence the plural *"defendants"* is used and the intention of the pleader in each of said averments to charge both and each of said defendants with negligence is clear except in the last averment where the word *"defendants"* is used in the possessive form, but without the apostrophe to indicate whether it is singular or plural.

The first ordinance copied into the complaint alleged to have been negligently violated, by its language, provides against a possible violation not only by an engineer, but by a *"conductor or other person having a railroad engine or train of cars in charge,"* and the second ordinance contemplates a violation not only by an engineer but by a conductor or other person engaged in running a locomotive. True, the averments of the complaint show that the engineer was in charge of the *locomotive* that collided with the automobile on which appellee was a passenger, but it does not follow from such averment that some other agent of the appellant might not have been in charge of the train to which the locomotive was attached, and, as such, directed and was responsible for the movement of the locomotive and the resulting collision; but even if it be conceded that in so far as the complaint charges negligence in the violation of said ordinances, that such charge amounted to a charge against appellant of negligence by and through its said engineer alone, yet the general averments of negligence against both defendants above quoted, under the authorities, are sufficient to cover the sum total of any and all negligence of which appellant might have been guilty either through its engineer or any other of its agents engaged in the operation of said train and the locomotive attached thereto at the time of the collision. *Cleveland, etc., R. Co.* v. *Gray* (1897), 148 Ind. 266, 271, 48 N. E. 675; *Indianapolis Union R. Co.* v. *Houlihan* (1901), 157 Ind. 494, 503, 60 N. E. 943, 54 L. R. A. 787; *Cleveland, etc., R. Co.* v. *Klee* (1900),

154 Ind. 430, 433, 56 N. E. 234; *Chicago, etc., R. Co.* v. *Dillon* (1888), 123 Ill. 570, 15 N. E. 181, 5 Am. St. 559; *Caulter* v. *Great Northern R. Co.* (1896), 5 N. Dak. 568, 67 N. W. 1046. The specified acts of negligence charged in re-

4. lation to the violation of said ordinances, are included in the general charge of negligence and in the sum total of negligent acts charged against appellant, but it does not follow that all other negligence is excluded by such specified charges, or that the theory of the complaint is thereby confined and limited to such specific acts of negligence. *Cleveland, etc., R. Co.* v. *Gray, supra,* 270.

It appearing that the averments of the complaint were sufficient to admit proof that appellant, by and through some of its agents, other than said engineer, was

5. guilty of negligence proximately contributing to appellee's injury, we must assume in favor of the general verdict that such proof was made and hence it would follow that appellant's first motion, even if proper, was correctly overruled. We are further supported in this conclusion by the following authorities: *Webster* v. *Chicago, etc., R. Co.* (1912), 119 Minn. 72, 137 N. W. 168; *Carver* v. *Luverne Brick, etc., Co.* (1913), 121 Minn. 388, 141 N. W. 488. Even if it be conceded that appellant is correct

6. in its contention as to the construction to be placed on and the effect to be given to said motion, and in its contention that in considering the ruling thereon, the averments of the complaint should be considered, and that when considered they show that the complaint proceeds on the theory that the negligence charged against appellant was such negligence as it could commit by and through its engineer alone, still, by looking to the pleadings and the general verdict alone, this court, could only know that the two separate parts of such general verdict are inconsistent with such pleadings and with each other, and could not both stand, but how could it know without resort to the evidence, which of the two parts of said verdict conformed thereto,

or that a judgment rendered in conformity to either of the particular parts of such verdict was necessarily contrary to the law and the evidence? In such case this court could only know that the trial court had committed error in the rendition of one or the other of such judgments, but in the rendition of which judgment such error was committed, this court could not know without reference to the evidence.

It is well understood that in the appellate tribunal 7. all presumptions are indulged in favor of the general verdict and the judgment rendered thereon. The burden is on the appealing party to bring to such court a record showing error prejudicial to him. It is apparent from what we have said that even if appellant be given the advantage of every contention it makes, no available error is presented by the ruling on said motion.

It is contended by appellant that if this judgment be allowed to stand we will have the "anomalous situation of a principal being found and adjudged, by a jury and 6. court, to be responsible for the commission of alleged unlawful acts by its agent, which acts the same jury and the same court in the same case have found and adjudged that the agent did not commit at all." It is contended that such a situation is legally intolerable and in violation of a principle of law repeatedly announced in this and other jurisdictions, to the effect that "if a defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and, who, in an action against him by the same plaintiff for the same act, has been adjudged *not* culpable, there can be no recovery against such defendant." In support of its contention appellant cites numerous cases, among which are the following: *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361, 75 N. E. 649; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119; *Doremus* v. *Root* (1901), 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649; *McGinnis* v. *Chicago, etc., R. Co.* (1906), 200 Mo. 347, 98

S. W. 590, 9 L. R. A. (N. S.) 880, 118 Am. St. 661, 9 Ann. Cas. 656; *Hayes* v. *Chicago Tel. Co.* (1905), 218 Ill. 414, 75 N. E. 1003, 2 L. R. A. (N. S.) 764; *Chicago, etc., Co.* v. *Mc Manigal* (1905), 73 Neb. 580, 103 N. W. 305, 107 N. W. 243; *New Orleans, etc., R. Co.* v. *Jopes* (1891), 142 U. S. 18, 12 Sup. Ct. 109, 35 L. Ed. 919; *Portland Gold Min. Co.* v. *Stratton's Independence* (1907), 158 Fed. 63, 85 C. C. A. 393, 16 L. R. A. (N. S.) 677.

The principle of law announced in these cases may be conceded to be substantially as appellant states it, and is based upon the doctrine of *respondeat superior*. This doctrine rests upon the principle that the master or principal is chargeable with the negligent act committed by his agent while engaged in the discharge of the duty of such master or principal, and, under this doctrine, where the master or principal is charged along with his agent in doing a particular negligent act which resulted in injury and which the master could do *only by and through such agent,* a verdict which would acquit the agent of the negligent act and at the same time hold the master or principal liable would be intolerable.   This would be so, however, because in such case the master or principal's guilt or liability *necessarily depended on the guilt of his agent.*   It does not follow that a master and one of his agents may not be sued together for their separable acts of negligence resulting in a common injury and either held liable and the other discharged from such liability.   In a proper case such a result and verdict may be entirely proper and consistent with the law and the facts.   We have already indicated our conclusion that the issues presented by the complaint in this case would warrant such a verdict.   So, in this case, the verdict may be entirely proper.   Nothing on its face indicates the contrary. If we are correct in our conclusion thus far, it must follow that, if this verdict is, as appellant contends, such a monstrosity that it should not be tolerated it must be such monstrosity because *the evidence* showed that appellant's only

negligence was that of its agent who, by the general verdict, has been discharged. Whether this be true, we are not called on to determine. There was no motion for a new trial and hence we are not required to look to the evidence. Appellee was just as much entitled to the benefit of the statute before quoted which required the judgment to conform to that part of the verdict favorable to him, as was the engineer Miller entitled to a judgment on that part of the verdict favorable to him; and in determining whether the trial court conformed its judgment to that part of such verdict favorable to appellee, this court can not be aided by looking to the judgment in favor of such engineer. If, in fact, the trial court committed error in rendering either of said judgments, such error may have resulted from the rendition of the judgment in favor of Miller, the engineer, rather than from the rendition of the judgment in favor of appellee. An examination of the evidence would be required to determine such question. Whether either or both of such judgments conform to the general verdict is one question, and whether they conform to the law and the facts is quite another and different question. The first question is easily determined from the record here presented in appellee's favor; the second question is not presented by the record, because there was no motion for a new trial.

Appellant insists that this case is controlled by the case of *Childress* v. *Lake Erie, etc., R. Co.,* 101 N. E. 332, recently decided by this court. An examination of that case will show that it is easily distinguishable from the case under consideration. The situation of the parties on appeal in that case was the reverse of the situation here. In that case there was, as in this case, a verdict in favor of the engineer and against his company, and a judgment in favor of the engineer, but from that point on, the situation of the parties is reversed. In that case, the company moved for judgment on the answers to interrogatories, and stated thereon as one of its grounds for such motion a ground similar to, or the

same as that here involved and judgment was rendered in its favor. The plaintiff, without filing any motion for new trial, appealed, and this court reached the conclusion after considering the general verdict and the answers to interrogatories that it could not say that the judgment was not proper. True, that case impliedly at least, approves and recognizes as proper a motion similar to appellant's motion, and to the extent that such case either impliedly or expressly holds that such a ground as that stated in the motion here involved, could afford any reason for the trial court refusing to conform its judgment to the general verdict, it is overruled.*

We next consider the question presented by the ruling on the motion for judgment on the answers to interrogatories. It is not seriously contended by appellant that the answers to the interrogatories are such as to present the question presented by the motion just considered, but it is insisted that these answers show that the driver of the automobile by a *"diligent use of his faculties"* could have discovered the approach of the engine in time to have prevented the collision between it and the automobile in which appellee was a passenger, and that "the accident in question was the *'proximate result'* of such failure of the driver to *so use his faculties* to discover the approach of such engine." Some question is made by appellee concerning the meaning of the words "proximate result" as here used. It is insisted that to say that an injury was the proximate result of a negligent act was not the equivalent of saying that such negligent act was the proximate cause of the injury for the reason that proximate cause has a fixed legal meaning while proximate result in the sense here used, has no such meaning, but that if it be conceded that such answer of the jury is the same as though they had answered that the negligence of the driver was the proximate cause of the accident, etc., then the answer is in the nature of a conclusion of law and should be disregarded. Where it can be said that the answers

to interrogatories are conclusions of law they should
8. be disregarded by the court in passing on a motion
for judgment on said answers. *Citizens St. R. Co.
v. Reed* (1898), 151 Ind. 396, 398, 51 N. E. 477; *Chicago,
etc., R. Co. v. Wilfong* (1910), 173 Ind. 308, 90 N. E. 307,
and authorities there cited. It is also true that un-
9. der certain conditions proximate cause may be a ques-
tion of law for the court. *Cumberland Tel., etc., Co.
v. Kranz* (1911), 48 Ind. App. 67, 95 N. E. 371; *Haskel &
Barker Car Co. v. Przezdziankowski* (1908), 170 Ind. 1, 15,
83 N. E. 626, 127 Am. St. 352, 14 L. R. A. (N. S.) 972.

It is further insisted by appellee that these answers only
show that if the driver of the automobile had made a *"dili-
gent use of his faculties"* that he could have avoided the
accident and that such a degree of care on the part of the
driver is not necessary to relieve him from the charge of
contributory negligence, but that it is only necessary that
such person should make a *reasonable* use of his *senses* or
such use of his *senses* as an ordinarily prudent person would
make similarly situated. The interrogatories and answers
thereto are open to the criticism made against them and it
would seem from some of the authorities, that they should be
disregarded; but such question we need not decide be-
cause the answers to interrogatories when considered, are
not sufficient to overthrow the general verdict. Even
10. though it be conceded that the driver of the auto-
mobile was guilty of negligence, his negligence could
not be charged against appellee, and if contributory only,
could not relieve appellant from liability for its negligence.
*Wabash R. Co. v. McNown* (1913), 53 Ind. App. 116, 99 N.
E. 126, 100 N. E. 383, and cases there cited. The negli-
gence of such driver of the automobile, would not relieve
appellant unless it was the sole proximate cause of the in-
jury. *Wabash R. Co. v. McNown, supra; Beaning v. South
Bend Electric Co.* (1910), 45 Ind. App. 261, 279, 90 N. E.
786.

Upon this branch of the case appellant relies on the case of *P. H. & F. M. Roots Co.* v. *Meeker* (1905), 165 Ind. 132, 73 N. E. 253, but since the filing of appellant's brief, this case has been overruled by the Supreme Court. *King* v. *Inland Steel Co.* (1912), 177 Ind. 201, 207, 212, 96 N. E. 337, 97 N. E. 529.

We find no reversible error in the record and the judg-. ment is therefore affirmed.

NOTE.—Reported in 103 N. E. 127. As to imputed negligence, see 110 Am. St. 278. As to accidents to automobiles at railroad crossings, see Ann. Cas. 1913 B 680. On the general question of imputed negligence of driver to passenger, see 8 L. R. A. (N. S.) 597. See, also, under (1) 23 Cyc. 775; 38 Cyc. 1928; (2) 23 Cyc. 778; (3) 33 Cyc. 1142; (4) 33 Cyc. 1053; (5, 7) 3 Cyc. 313; (6) 3 Cyc. 173; (8) 38 Cyc. 1921; (9) 29 Cyc. 639; (10) 29 Cyc. 548.

*NOTE.—Since the foregoing opinion was written the case of *Childress* v. *Lake Erie, etc., R. Co.*, 101 N. E. 332, was transferred to the Supreme Court, and the opinion of that court, by Spencer, J., 182 Ind. 251, agrees with the views held by Hottel, J., in overruling the case as reported prior to the transfer.