IN THE MATTER OF THE GUARDIANSHIP OF WILSON, ET AL. *v.* JOHNSON COUNTY NATIONAL BANK OF FRANKLIN, ET AL., ETC.

[No. 18,615. Filed November 30, 1954.]

*Gerald F. Branigan, Thurman M. DeMoss,* and *Branigan & Branigan,* all of Franklin, for appellant.

*Joseph G. Wood,* and *Schortmeier, Eby & Wood,* of Indianapolis, and *Haymaker & Acher,* of Franklin, for appellees.

KELLEY, C. J.—This was a petition by appellant administrator challenging the validity of certain investments made by appellee, Johnson County National Bank of Franklin, Indiana, as guardian of Lucy R. Wilson, now deceased, and that said investments, in the form of two annuity contracts, be set aside and cancelled, and that said appellant recover judgment in the sum of $8,000.00 against the appellee, Union Central Life Insurance Company, the lessor of said annuity contracts.

Judgment adverse to appellant was rendered by the court upon special findings of fact and conclusions of law thereon. Appellant filed motion for new trial, consisting of twelve (12) specifications, which was overruled by the court and this' appeal followed.

Appellant's brief does not disclose the assignment of errors nor the substance thereof but from the transcript we learn that the error assigned is the action of the court in overruling the motion for a new trial.

Appellees move to dismiss the appeal, contending that appellant has failed to comply with Rule 2-17(e) in that no where in the brief does appellant specify "the assigned errors intended to be urged and each cause in the motion for a new trial which is intended to be urged stating after each assignment of error and cause for new trial relied upon a concise statement of the basis of the objection to the ruling complained of."

We have carefully searched appellant's brief and find that appellee's contention is correct. The assigned

errors and the specifications in the motion for new trial intended to be urged with a concise statement of the objection made to the ruling complained of are not set forth in the brief. The argument portion of appellant's brief consists only of general statements, abstract proposition of law, and citation of authorities and statutes, without in anywise applying them to any of the errors contained in the motion for new trial or indicating to what error or issue they pertain.

Rule 2-17(f) provides. that "Errors assigned and causes for a new trial not treated as herein directed, shall be deemed to be waived." It follows that appellant has presented no error for review or question for decision. In such case the desirable course is to affirm the judgment appealed from. *Waggoner* v. *State* (1949), 227 Ind. 269, 274, 85 N. E. 2d 642.

Judgment affirmed.

NOTE.—Reported in 122 N. E. 2d 628.