VERMILLION ET AL. *v.* GORE ET AL.

[No. 19,017. Filed March 21, 1958. Rehearing dismissed April 18, 1958.]

*Harold J. Anderson, Ralph F. Mattingly, John D. Staggenburg,* all of Anderson, for appellants.

*William L. Peck,* of Anderson, for appellees.

ROYSE, P. J.—This is an attempt by appellants to appeal from a judgment of the trial court allowing appellees interest on a judgment in their favor on an oral implied contract for personal services.

At the outstart we are confronted with appellees' contention that appellants have not complied with the provisions of Rule 2-17(e), and have therefore not presented a question.

The pertinent portion of the above mentioned rule is as follows:

> "The brief shall contain under the heading 'Argument' a specification of such of the assigned errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon—except the ruling on a motion for a new trial, and after each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, and setting out in substance the relevant parts of such statutes as are deemed to have an important bearing."

Under the heading "Propositions, Points and Authorities" appellants devote about four pages of their brief to quotations from various authorities "without applying the same to any phase of the case or ruling involved or error relied upon." Even under the rule prior to the 1950 amendment this would not present a question. I. L. E., Appeals, §386, p. 261, n. 14.

Under the heading of "Argument" their brief does not cite any authority in support of their contention; it does not contain a statement of errors relied upon or the specifications of the motion for a new trial relied upon. Therefore, no question is presented. *Witte* v. *Witte et al.* (1953), 123 Ind. App. 644, 113 N. E. 2d 166; *Gdnsp. Wilson, etc.* v. *Johnson County National Bank of Franklin et al.* (1954), 125 Ind. App. 108, 109, 110, 122 N. E. 2d 628; *Mendenhall, Extr.* v. *Mendenhall* (1955), 125 Ind. App. 519, 124 N. E. 2d 873. (Transfer denied.)

Judgment affirmed.

NOTE.—Reported in 148 N. E. 2d 851.