THANOS *v.* FOX.

[No. 18,965. Filed April 22, 1958.]

*Oscar C. Strom, Charles K. Whitted, John Fetterhoff* and *Strom & Whitted,* of counsel, all of Gary, for appellant.

*Gilbert Gruenberg* and *Davis & Gruenberg,* of counsel, of Gary, for appellee.

PFAFF, J.—Appellee was a passenger on a Gary Railways, Inc. bus which was involved in a collision with an automobile being driven by appellant. Her original complaint, based upon negligence, was against both appellant and Gary Railways, Inc. Her amended complaint, upon which the case was tried, was against the appellant only.

Appellant filed an answer in several paragraphs alleging:

1. That the Gary Railways, Inc. had paid appellee $3,000 in full satisfaction of any and all claims for injuries by reason of the accident and that she "did release, acquit and forever discharge her claim";

2. That in consideration of said payment appellee "has acquitted her cause herein"; and

3. That she accepted and received said $3,000 from the Gary Railways, Inc., which sum fully compensated her for her loss and damage.

Trial by jury resulted in a verdict, upon which judgment was entered, that the jury affixed appellee's damages at $16,600 "and in view of the fact that she received $3,000 from the Gary Railways, Inc., we deduct that and find for the plaintiff in the sum of $13,600."

It is noted that no interrogatories were submitted to the jury.

The only evidence concerning the money which appellee received from the railway company is here set

forth verbatim as it appears in the cross-examination of appellee:

> "Q. After this complaint was filed did you receive any money from anyone in settlement of your case?
> A. Not of the total case.
> Q. Did you receive any money from any one in settlement?
> A. (Witness did not answer).
> Q. You may answer that. Don't look at your lawyer.
> A. From the Gary Railways.
> Q. How much did you get from the Gary Railways?
> A. Three thousand dollars.
> Q. And you agreed on that figure of three thousand dollars, did you?
> A. I signed a covenant not to sue.
> Q. (Question read again by the reporter.)
> A. I agreed to it with the Gary Railways."

Appellant filed a motion entitled "Motion for Judgment Notwithstanding the Verdict," in which he requested that a judgment be entered in his favor notwithstanding the verdict. Thereafter he filed his motion for new trial.

Three errors are assigned here:

1. The court erred in overruling appellant's motion for new trial;
2. The court erred in denying appellant's motion to require Gary Railways, Inc. to produce papers for evidence at the trial under subpoena *duces tecum* served upon it for the defendant; and
3. The court erred in overruling appellant's motion for judgment notwithstanding the verdict.

Rule 2-17(e), Rules of the Supreme Court, provided, at the time this appeal was briefed, that—

> "(e) The brief shall contain under the heading 'Argument' a specification of such of the assigned

errors as are intended to be urged, and each cause in the motion for a new trial which is intended to be urged. After each assignment of error relied upon—except the ruling on a motion for a new trial, and after each cause for a new trial relied upon, there shall be concisely stated the basis of the objection to the ruling complained of, exhibiting clearly the points of fact and of law being presented, and how they are applicable, citing the authorities and statutes relied upon, and setting out in substance the relevant parts of such statutes as are deemed to have an important bearing. . . . ."

Appellant has nowhere in his brief specified which of the assigned errors are intended to be urged or which causes of the motion for new trial. The so-called motion for judgment, notwithstanding the verdict, contains much the same matter as does the motion for new trial and from the grounds set forth, insofar as we are advised, it is a motion unknown to Indiana practice. In *Pittman-Rice Coal Co.* v. *Hansen* (1947), 117 Ind. App. 508, 72 N. E. 2d 364, Judge Draper, speaking for this court, said:

"The appellant assigns error in the overruling of its motion for judgment notwithstanding the verdict and in the overruling of its motion for new trial, which latter questions the sufficiency of the evidence and the legality of the verdict.

"The appellee says the motion for judgment *non obstante,* under these circumstances, is unknown to our practice and therefore presents no question.

"The failure of the jury to return a verdict against Norfleet was equivalent to a verdict in his favor; *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E. 2d 744; *Inter State Motor Freight System* v. *Henry* (1942), 111 Ind. App. 179, 38 N. E. 2d 909; and the verdict, therefore, stands as one in favor of the appellee and against the appellant company only.

"Assuming, as the appellant contends, that the complaint proceeded upon the theory of *respondeat superior,* and under the allegations thereof the

appellant company could be liable, if at all, solely because of the negligent acts of its servant Norfleet, and that the exoneration of Norfleet exonerated the appellant company, could the appellant company raise the question by motion *non obstante?*

"Our statutes provide for a judgment on the pleadings notwithstanding the verdict (§2-2503, Burns' 1946 Replacement) and for a judgment on answers to interrogatories notwithstanding the general verdict (§§2-2023 and 2-2502, Burns' 1946 Replacement). Section 2-2501, Burns' 1946 Replacement, provides, however, that 'When a trial by jury has been had, and a general verdict rendered, the judgment *must* be in conformity to the verdict.' (Our emphasis)

"In *Lake Erie, etc., R. Co.* v. *Reed* (1914), 57 Ind. App. 65, 103 N. E. 127, it was held that the provisions of the above quoted statute are mandatory; the trial court has no discretion in the judgment it may render upon a general verdict; but the judgment must conform to the verdict. In *Childress* v. *Lake Erie, etc., R. Co.* (1914), 182 Ind. 251, 105 N. E. 467, it is held that a motion such as the one before us is unknown to our practice and of no effect.

"*Holbrook* v. *Nolan, supra,* upon which appellant depends, was an action against a master and his servant based upon the negligence of the servant, in which, under the facts pleaded, there could be no responsibility on the part of the master in the absence of negligence on the part of the servant. The jury found for the plaintiff and against the master, but exonerated the servant, and this court, two judges dissenting, reversed with directions to the trial court to sustain the master's motion for judgment notwithstanding the verdict.

"In *Inter State Motor Freight System* v. *Henry, supra,* decided in 1942, the Holbrook case was referred to and considered, and some doubt was manifested as to its correctness. It was noted, however, that in the Holbrook case no question as to whether a motion for judgment notwithstanding the verdict was proper under the circumstances was presented and the question was, therefore, not decided. We approve and adopt the reasoning of

the Reed and Childress cases and on the authority thereof, hold that the motion for judgment notwithstanding the verdict presents no question. *Holbrook* v. *Nolan, supra,* insofar as it may inferentially hold to the contrary, is disapproved.

"Proceeding to the motion for new trial, the appellee says the appellant waived its right to file same by first filing and obtaining a ruling on the motion *non obstante.* To support this proposition cases are cited having to do with the chronological relation of motions for new trial and motions in arrest of judgment. The right to file a motion for new trial may sometimes be waived or lost by the assertion of the right to a new trial, but it could hardly be waived or cut off by the filing of a motion unknown to our practice and therefore, wholly ineffective.

"In *Inter State Motor Freight System* v. *Henry* (1942), 111 Ind. App. 179, at p. 187, 38 N. E. 2d 909 at p. 912, this court said:

" 'It is well established by a number of decisions in this State that where an action proceeds upon the theory that the relation of master and servant exists between the defendants, and that the master is liable solely because of the negligent acts of the servant, that a verdict in favor of the servant and holding the master guilty of negligence relieves not only the servant but the master from liability. *Zainey* v. *Rieman* (1926), 84 Ind. App. 480, 151 N. E. 625; *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E. 2d 744; *United Transportation Co.* v. *Jeffries* (1937), 211 Ind. 226, 6 N. E. 2d 524. These holdings are in accordance with the weight of authority in other states. Where a master and servant are joined as parties defendant in an action for injuries inflicted by the servant, a verdict which exonerates the servant from liability for injuries caused solely by the alleged negligence of the servant requires also the exoneration of the master. 35 Am. Jur., Master and Servant, §534, p. 962; note in 78 A. L. R. 365.

" 'But a verdict in favor of one servant does not bar a recovery against the master, where the evidence shows that the negligence of another servant who is not joined as a party, or who if joined as a party is not exonerated by the verdict, has caused the injury. Nor does the verdict in favor

of a joined servant bar a recovery against the master where the latter has himself been guilty of acts on which, independently of the acts of the servant, liability may be predicated. *Holbrook* v. *Nolan* (1938), 105 Ind. App. 75, 10 N. E. 2d 744; *Lake Erie, etc. R. Co.* v. *Reed* (1913), 57 Ind. App. 65, 103 N. E. 127; *Mims* v. *Bennett* (1931), 160 S. C. 39, 158 S. E. 124, 78 A. L. R. 360, and anno. on p. 365.' "

Because the assigned errors intended to be urged are not specified, the same are waived. Rule 2-17(f), Rules of the Supreme Court. *Gdnshp. Wilson* v. *Johnson Co. Nat'l. Bank* (1954), 125 Ind. App. 108, 122 N. E. 2d 628; *Witte* v. *Witte et al.* (1953), 123 Ind. App. 644, 113 N. E. 2d 166. Both this court and the Supreme Court have held on many occasions that a judgment of the lower court must be affirmed for failure of appellant to set out in his brief the errors relied upon and where they fail to inform the court, except by reference, what the assignment of errors are. *Griffith* v. *Felts* (1912), 52 Ind. App. 268, 99 N. E. 432; *Waggoner* v. *State* (1949), 227 Ind. 269, 85 N. E. 2d 642. Neither has appellant cited authorities in support of most of the contentions appearing in the argument portion of his brief and such failure also constitutes a waiver of such contentions. *White* v. *Bd. of Med. Regis. and Exam.* (1956), 235 Ind. 572, 577, 134 N. E. 2d 566; *Stanley* v. *Gieseking* (1952), 230 Ind. 690, 694, 105 N. E. 2d 171; West's Indiana Law Encyclopedia, *Appeals*, §387, p. 262.

The rules of the Supreme Court and this court, when adopted and published, have the same force and effect as law and are binding alike upon the courts and litigants before them. *Washington Natl. Ins. Co.* v. *Hines* (1937), 103 Ind. App. 497, 8 N. E. 2d 1011; *Humphrey* v. *Pleasure Park Company* (1933), 97 Ind. App. 592, 187 N. E. 682.

The only contentions supported by authorities are those that the court erred in giving appellee's instruction No. 12 and in refusing to give appellant's instruction No. 4. Appellee's instruction No. 12 reads as follows:

"You are further instructed that in this matter the plaintiff admits that she was paid $3,000.00 by the Gary Railways in return for which she gave the Gary Railways a covenant not to sue. In arriving at your verdict, if you find in favor of the plaintiff, you will determine under the other instructions given you the amount of damages, if any, the plaintiff is entitled to recover, and then deduct from that amount $3,000.00 and return your verdict for the amount so arrived at."

Appellant's objection to instruction No. 12 reads:

"The defendant also objects to the giving by the Court to the jury of plaintiff's tendered instruction No. 12 (Court's No. 11), for the following reasons: Said instruction is founded upon the supposition that there has been proved that a covenant not to sue was executed by the plaintiff in making a settlement with the Gary Railways, and on the assumption that this so-called covenant not to sue reserved fully, according to law, the right of the plaintiff to proceed against the defendant as another joint tort-feasor. (2) If there was a settlement by the plaintiff, with the Gary Railways under a covenant not to sue, the only evidence in proof of any, of that covenant, so as to preserve to the plaintiff the right to proceed against a joint tort-feasor is the document, being the so-called covenant not to sue itself. (3) The plaintiff has not preserved her cause of action against the defendant, against this defendant, by introducing into evidence the covenant not to sue, which was executed by her, so as to establish by the face of the covenant an agreement she had with the Gary Railways, that she has preserved the right to proceed against John Thanos, and has preserved her cause of action against him. (4) Under the law, a mere payment by one joint tort-feasor to the claimant constitutes an acquittance of that

joint tort-feasor, and the legal effect of the same is to release the payor, and upon the release of the payor in this case, the Gary Railways, *to* law operates to likewise release John Thanos. (5) Where a settlement is made by a claimant against one joint tort-feasor, the burden is upon the plaintiff to preserve her cause of action against another joint tort-feasor by a proper document, or agreement, showing clearly that she does not by acceptance of such settlement acquit the payor, and does not intend to release her claim against a joint tort-feasor. This, the plaintiff has not done in the instant case according to the evidence, and she has not made such proof. And (6) the plaintiff testified on the witness stand that she agreed with the Gary Railways to accept $3000 in settlement. She has thereby approved a contract with the Gary Railways for payment of her claim, and which operates as an acquittance and satisfaction of her claim. A tort not being severable she cannot settle a part of her tort claim against one of the joint tort-feasors and still preserve a remainder of the damages of such a tort unto herself for prosecution against another joint tort feasor, and therefore plaintiff's case would fail. (7) This instruction goes on the theory that the plaintiff has proved some sort of an agreement under what is termed in the instruction as 'a covenant not to sue.' Now, but the terms of that agreement are not in evidence and therefore the court may not conjecture or assume what may have been contained in that written agreement, if it was written, (8) The nature and legal effect of an instrument in writing is determined by the contents thereof, not by the title of it. The plaintiff volunteered somewhere in the evidence that she made a settlement, and that she had an agreement with the Gary Railways, and she agreed to accept three thousand dollars. In one instance she said something about a covenant not to sue, but she also stated that she knew nothing of the facts concerning her settlement, because her attorneys handled all of it for her. (9) The mere allusion by the plaintiff to the words 'covenant not to sue,' does not prove the terms of any such covenant or agreement, and the name of the instrument does not denote what is the legal effect of the contents thereof, and the plaintiff has not preserved under

such instrument to herself her cause of action against Thanos. (10) The giving of said instruction by the court to the effect that the jury shall determine the amount of damages to this defendant and then deduct the amount of three thousand dollars paid by the Gary Railways is erroneous and prejudicial to the defendant because the plaintiff has not, as she would be required to do under the law, proved that she has preserved her cause of action against the defendant."

Appellant's instruction No. 4 reads:

"It was the law of the State of Indiana in effect at the time of the occurrence in controversy herein that no vehicle shall be driven to the left of the center of the roadway when the same cannot be done without interfering with the safe operation of any vehicle immediately ahead.

"If you find from a preponderance of the evidence in this case that at the time of the accident in controversy the bus of the Gary Railways turned to the left across the center line of said highway and at said time the vehicle of Defendant Thanos occupied said roadway, then you may consider this fact in determining whether or not the actions of the Gary Railways was the proximate cause of the injuries to plaintiff, if any, and if you so find your verdict should be for the defendant."

Despite the deficiencies in appellant's brief, we have examined such instructions and find no error. The burden of appellant's argument with reference to appellee's instruction No. 12 is that, what appellee in her testimony termed a covenant not to sue, although in writing, was not introduced in evidence and the court nevertheless gave an instruction improperly assuming that it actually was a covenant not to sue and not a release, although the instrument, if introduced, might possibly have been disclosed to be a release. In reference to appellant's instruction No. 4, the appellee contends that it was not applicable. Any negligent driving on the part of the bus driver in connection

with crossing the center line arose out of his attempt to overtake defendant's automobile and, further, that this instruction was fully covered in court's instruction No. 15 and which was defendant's tendered instruction No. 6 and reads as follows:

> "It was the law of the State of Indiana in effect at the time of the occurrence in controversy that no vehicle should be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such passing may be accomplished without interfering with the safe operation of any other vehicle.
>
> "If you find from a preponderance of the evidence in this case that the Gary Railways bus driver attempted to pass the automobile driven by the defendant, John Thanos, while such defendant was lawfully making a left turn according to other instructions given by the Court, then you may consider the same in determining whether such act of Gary Railways was the proximate cause for the happening of the accident in this case."

Instructions are to be considered as a whole and with reference to each other, and if, when read as one charge, they fairly state the law, the case will not be reversed, even though some one instruction does not fully state the law. *Bain, Admx.* v. *Mattmiller* (1938), 213 Ind. 549, 13 N. E. 2d 712; *H. E. McGonigal, Inc.* v. *Etherington* (1948), 118 Ind. App. 622, 79 N. E. 2d 777. In *H. E. McGonigal, Inc.* v. *Etherington,* Judge Bowen, speaking for this court, said:

> "We must consider the instructions as a whole, and if when so considered, they fairly inform the jury of the rights and duties of the parties to this action, they are sufficient. *Riechmann* v. *Reasner* (1943), 221 Ind. 628, 51 N. E. 2d 10; *Stinebaugh* v. *Lucid* (1937), 103 Ind. App. 690, 7 N. E. 2d 69; *Southern Ind. Gas & Elec.* v. *Storment* (1934), 206 Ind. 25, 188 N. E. 313; *Yellow Cab Co.* v. *Krusznyski* (1935), 101 Ind. App. 187, 196 N. E. 136; *Jones* v. *Kasper, supra.*"

The court gave other instructions as to the legal effect if the jury should find that appellee had released another tort-feasor, stating that in such an event appellee was not entitled to recovery. The complained of instruction told the jury that if they found for the appellee, she having admitted having been paid $3,000 in exchange for a covenant not to sue, said amount should be deducted from the amount of the damages assessed, if any. In our opinion the instruction was not subject to the infirmity urged here. Neither do we agree with appellant that by reason of the statements of appellee in her testimony, the burden of going forward with the evidence on this subject shifted to appellee. *Swift et al.* v. *Ratliff* (1881), 74 Ind. 426, in which our Supreme Court said:

"... One who sets up a defense whereby he claims a release from one writing, by reason of the execution of another, can hardly be credited with having shifted the burden of proof on the subject, until he shall have produced the new writing on which he relies, or, having shown a good excuse for not producing it, shall have proved its contents. . . . ."

We feel that this case was fairly tried and a just result reached and that no reversible error is shown.

Judgment affirmed.

Kelley, C. J., Royse, P. J., and Bowen, Cooper, Crumpacker, JJ., concur.

Note.—Reported in 149 N. E. 2d 315.