DIGGS ET AL. *v.* BOBICH ET AL.

[No. 19,319. Filed May 11, 1962.]

*Louis M. March,* of Chicago, Illinois, for appellants.

*Jesse W. McAtee,* and *Riley, Reed, Murphy & McAtee,* of East Chicago, for appellees.

BIERLY, J.—This is an appeal following an overruling of a motion for a new trial, subsequent to an adverse ruling by the trial court on appellants' verified motion or petition to set aside and vacate a judgment of default and the dismissal of the cause of action.

Said complaint was designated as an "Action in Equity." The prayer of the complaint asked

"... that said deed of conveyance so executed by her on January 5, 1931, be declared to be a mortgage on said real estate only; that said mortgage be declared satisfied and that Plaintiff's title in and to said real estate be forever quieted as against said Defendants and each of them; or, in the alternative, that said Defendant, Anton Bobich, be ordered and directed to render an accounting of all receipts and disbursements and of all sums of money that he claims to be due and owing unto him from Plaintiff herein and that the amount thereof, if any, be fixed and Plaintiff given a reasonable time within which to pay same, and that upon the payments of such amount her title in and to said real estate be forever quieted, and for all other proper relief."

Brigita Clemenic during her lifetime, her heirs at law and counsel, Honorable Louis M. March, were at all times during the pendency of said cause, non-residents of the State of Indiana.

Due to the unusual conditions arising from this cause of action an extended portrayal suggests itself as advisable. According to appellants' brief, Attorney Kenneth Call of Gary filed the complaint on behalf of Brigita Clemenic against appellees; that thereafter Mr. Louis M. March, authorized to practice law in Illinois only, substituted as counsel for Mr. Call and obtained the services of Attorney Armand Prete of Gary, Indiana, to appear in said cause in behalf of plaintiff, Brigita Clemenic.

On the 10th day of January, 1958, an order was entered by the trial court, wherein the death of Brigita Clemenic, plaintiff, on the second day of October, 1953, was suggested to the court and that the heirs at law of the plaintiff be substituted as plaintiffs therein, which motion was granted, whence the said Attorney Prete appeared as attorney for the substituted plaintiffs. Attorney Prete, according to

appellants, without notice to said substituted plaintiffs or their Illinois counsel, Mr. March, appeared before the trial court on September 12, 1958, and obtained leave to withdraw as counsel for said substituted plaintiffs. Said cause came up for hearing on the 15th day of September, 1958, and the court ordered the cause to be reset on the printed calendar of the court. Louis M. March, the Illinois counsel, received a letter from Attorney Prete on the 12th day of September, 1958, saying that the cause was coming up for hearing on the 15th day of September, 1958, and that he had withdrawn as counsel.

It appears that Attorney March then contacted Attorney Prete and requested Mr. Prete to appear before said court on said date of September 15, 1958, on behalf of the substituted plaintiffs and to continue to act in their behalf until a successor Indiana counsel was obtained. Thence Attorney March contacted Attorney Prete seeking from him information as to the trial date of said cause. Mr. Prete replied to Mr. March's request in that he would check the trial date with the court reporter and then advise Mr. March. Later, Mr. March learned that said cause had come up for hearing on the 6th day of October, 1958, and as neither the substituted plaintiff nor their counsel having appeared before the court, the following was entered of record in said cause:

"This cause having been regularly set for trial on the court's printed calendar, and defendant, Anton Bobich appearing by his attorney, Riley, Reed, Murphy and McAtee, and plaintiff failing to appear in person or by counsel, this cause is now dismissed for want of prosecution at plaintiff's costs.

"IT IS THEREFORE CONSIDERED, ADJUDGED AND DECREED by the court that this cause of action be and the same is hereby dis-

missed for want of prosecution and that the defendants recover of and from the plaintiff all the costs herein."

On the 25th day of November, 1958, newly appointed attorneys for the substitued plaintiffs filed their verified motion to set aside and vacate the default judgment entered on the 6th day of October, 1958. On the 12th day of December, 1958, the motion was submitted to the court for hearing, and after the hearing of evidence the court denied plaintiffs' petition to vacate and set aside the default judgment entered on said date of October 6, 1958. This was the court's decree:

"IT IS THEREFORE CONSIDERED, ADJUDGED AND DECREED by the court that the petition to set aside and vacate judgment, be and the same is hereby denied, and that the defendants do have and recover of and from plaintiffs all costs herein."

On January 20, 1959 plaintiffs by their attorney filed a motion "to grant plaintiffs a new trial of the above cause and to vacate and set aside the final court order entered on December 12, 1958, denying plaintiffs' petition to set aside and vacate the order of dismissal of the above cause entered on October 6, 1958." Plaintiff stated four grounds in favor of said motion.

On February 6, 1958, the court denied plaintiffs' motion for a new trial.

On April 30, 1959, appellant filed in this court their petition for an extension of time to file transcript and assignment of errors, in substance alleging that by Rule 2-2 "the transcript and assignment of errors must be filed in the office of the Clerk of the Supreme and Appellate Courts on or before the 7th day of May,

1959, unless such time be extended," and praying time be extended, to and including June 22, 1959. The court granted the extension of time to and including June 22, 1959, to file transcript and assignment of errors.

Appellants in filing their brief here on appeal have failed to conform to rules of this court as laid down by the Supreme Court of this state. The Indiana Supreme Court Rules have the force and effect of law. They are binding not only upon the litigants who bring their appeals but upon this court which must determine the merits of the appeal. *Allison* v. *State et al.* (1959), 239 Ind. 545, 157 N. E. 2d 193, 194; *Hayes* v. *Adams* (1943), 221 Ind. 480, 49 N. E. 2d 345; *Stillabower et al.* v. *Lizart et al.* (1959), 130 Ind. App. 65, 159 N. E. 2d 144, 145; *Wischmeyer et al.* v. *Fisher et al.* (1959), 130 Ind. 245, 161 N. E. 2d 485, 486.

Nowhere in the argument portion of appellants' brief are there any authorities or statutes cited, either verbatim or in substance, in support of any statement or argument presented therein; and no law has been cited even by analogy.

Two-thirds of the argument portion of appellants' brief contains a recitation of the facts surrounding this appeal while the remaining portion is composed of general argumentative statements with no attempt to explain for the absence of authority, if there was in fact no authority on point. This court has repeatedly held that where an appellant has failed to cite any authorities or statutes, error if any, was waived. See Supreme Court Rules 2-17 (e.f.) ; *Stoner* v. *Howard Sober, Inc.* (1957), 127 Ind. App. 338, 141 N. E. 2d 458; *Thanos* v. *Fox* (1958), 128 Ind. App. 416, 149 N. E. 2d 315; *Vermillion et al.* v. *Gore et al.* (1958), 128 Ind. App. 406, 148 N. E. 2d

851; See also 2 West's Indiana. Law Encyclopedia, *Appeals,* ch. 10, §387, pages 262-263.

Rule 2-17 (e) also requires that under the heading of "Argument" a specification of such of the assigned errors as are intended to be urged must be set forth as well as each cause in the motion for a new trial. Appellants argument covers three and one-half pages of their brief. Nowhere do we find the errors sought to be urged or discussed.

The rules prescribe the form and content of the briefs. See Supreme Court Rule 2-17 to 2-20 inclusive. Unless the briefs filed with this court reflect at least a good faith effort to complay with such rules, the judgment below will be affirmed. *Joslin et al.* v. *Ketcham, Admr. etc.* (1959), 130 Ind. App. 446, 161 N. E. 2d 445; *Public Service Comm.* v. *Ind. Bell Tel. Co.* (1953), 232 Ind. 332, 108 N. E. 2d 889, 112 N. E. 2d 751; *Wylie* v. *Meyers* (1958), 238 Ind. 385, 150 N. E. 2d 887, 889.

This court will not brief cases for the parties. Under the foregoing cited authorities and Supreme Court Rules, no question for determination has been presented. Judgment below must be affirmed.

Judgment affirmed.

Kelley, P. J., and Pfaff and Gonas, JJ., concur.

NOTE.—Reported in 182 N. E. 2d 439.