CHICAGO, LAKE SHORE AND SOUTH BEND RAILWAY
COMPANY *v.* BROWN.

[No. 9,201. Filed March 13, 1917. Rehearing denied October 10, 1917. Transfer denied December 7, 1917.]

1. APPEAL.—*Review.*—*Harmless Error.*—*Admission of Evidence.*—
*Withdrawal.*—In an action for personal injuries sustained in a street car accident, error, if any, in admitting a statement by

the conductor that, if the passengers "don't know enough to get on, let them stay off," was rendered harmless when subsequently withdrawn and the jury directed not to consider it. p. 131.

2.   TRIAL.—*Erroneous Admission of Evidence.—Necessity. of Controverting.*—Where testimony is erroneously admitted, it need not be controverted, but may be ignored and relied on for a new trial, or a reversal on appeal. p. 132.

3.   WITNESSES.—*Impeachment.—Inconsistent Statements.*—In an action for injuries sustained by plaintiff while attempting to board an interurban car, where the conductor testified in substance that he was exceptionally diligent in the discharge of his duties, and that he did not see plaintiff trying to board the car, testimony that just after the accident he stated that if passengers did not know enough to get on the car, they could stay off was properly admissible in rebuttal for the purpose of impeachment, the proper foundation having been laid, since where the testimony of a witness on a material point is prejudicial to the opposite party such witness, after the proper foundation is laid, may be impeached by proof of his prior inconsistent statements. p. 133.

4.   WITNESSES.—*Cross-Examination.—Scope.*—In an action for personal injuries sustained in a street car accident, where defendant's president denied that plaintiff's mother had called on him after the accident, it was not error to permit plaintiff to ask him on cross-examination to refresh his recollection, whether plaintiff's mother had not come to his house and stated to him that her daughter had been seriously injured by being thrown off of one of the company's cars, that they had quite a family and were poor, and asked him to contribute to her care; nor did the assumed facts embodied in the question tend to prejudice the jury in view of an instruction that it should not be influenced by prejudice or sympathy, or by the fact that defendant was a corporation and plaintiff an individual and a girl. p. 135.

5.   CARRIERS.—*Carriage of Passengers.—Injury to Passenger.—Burden of Proof.*—In an action for personal injuries sustained in a street car accident, where the evidence showed that plaintiff went to a regular stopping place for the accommodation of passengers with the intention of boarding the car, and that she signaled it to stop and was thrown off and injured while in the act of climbing on the steps, the burden was on defendant to prove its contention that plaintiff was a mere trespasser unable to pay fare. p. 137.

6.   CARRIERS.—*Carriage of Passengers.—Injury to Passenger.—Instruction.*—In an action for injuries sustained while attempting to board a street car, an instruction that it was defendant's duty

to stop the car a sufficient length of time to enable plaintiff, in the exercise of due prudence and care, to board it, and failure to do so was negligence, was not erroneous because it made no reference to whether plaintiff was making a reasonable effort to get on the car, or as not stating that the duty resting upon the defendant was to afford the injured person a reasonable opportunity to enter.  p. 138.

7.  TRIAL.—*Instruction.—Negligence.—Jury Question.*—In an action against a street car company for injuries sustained while attempting to board a car, an instruction that it was the duty of defendant to stop the car a sufficient length of time to enable plaintiff, in the exercise of due prudence and care, to climb upon the platform and enter the car, that if it failed to do so it was guilty of negligence, and that if plaintiff was injured as a result of such negligence, and without any fault on her part, the verdict should be for her, was not erroneous as invading the province of the jury by making the question of negligence one of law rather than one of fact.  pp. 138, 139.

8.  TRIAL.—*Instructions.—Scope.—Evidence.*—It is the duty of the court, in cases where a general verdict is to be returned, to instruct the jury as to the force and legal effect of the facts which may have been proved within the issues.   p. 138.

9.  NEGLIGENCE.—*Instruction.—Questions of Law and Fact.*—If negligence is a question of law, the court may say whether or not there is negligence under a given state of facts, and the jury must accept the conclusion.  p. 138.

10.  CARRIERS.—*Carriage of Passengers.—Care Required.*—It is the duty of a carrier of passengers to exercise the highest degree of care for their safety, and a failure to discharge this duty is negligence.  p. 139.

11.  APPEAL.—*Briefs.—Sufficiency.—Waiver of Error.*—Error, if any, in instructions upon the elements of damages is waived where the question of excessive damages is not presented by appellant's brief.  p. 139.

From Porter Circuit Court; *H. H. Loring,* Judge.

Action by Edna Brown, by her next friend, Frank Brown, against the Chicago, Lake Shore and South Bend Railway Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*F. J. Lewis Meyer* and *Charles E. Cox,* for appellant.

*George Batteiger* and *Crumpacker Bros.*, for appellee.

DAUSMAN, J.—This action was instituted by appellee against appellant to recover damages resulting from personal injury. The following is the complaint in full: "The plaintiff Edna Brown, a minor, by her next friend Frank Brown, complains of the defendant, the Chicago, Lake Shore & South Bend Railway Company, and says: That said plaintiff is a minor under the age of 21 years, to wit, 12 years; and that she is a citizen and resident of Porter county, Indiana. That the defendant is a railway corporation organized under the laws of the State of Indiana, and as such railway corporation has been for the five years last past and is now the owner and engaged in the operation of a line of railway from the City of South Bend in St. Joseph county, Indiana, through and across the counties of St. Joseph, LaPorte, Porter and Lake in said State of Indiana, and that its said line of railway runs through the city of Michigan City, in said LaPorte county. That said railway company during said time has been and now is engaged in running and operating trains and cars by the use of electric motive power for the transportation of passengers for hire, the fare for such to be collected upon said trains and cars from certain stations and stopping places to other stations and stopping places along its said route. That on the 25th day of May, 1910, the plaintiff, Edna Brown, at said Michigan City in said LaPorte county, desiring to become a passenger upon one of said defendant's cars, to wit, No. 72, bound westwardly on said railway, at about the hour of 5:40 p. m. of said day, at a regular stopping place for the cars of said

defendant, on Williard avenue, a street in said city of Michigan City, stood at said stopping place near the tracks of said defendant's railway in plain view of the motorman as he was approaching said stopping place, thereby indicating to said motorman and the conductor of said car that she desired to become a passenger on said car. That said car stopped and certain passengers left said car, and thereupon plaintiff immediately attempted to enter said car as a passenger thereon by stepping upon the steps of said car to enter the same; but that before plaintiff could get upon said car or secure a safe hold upon the same, the conductor of said car without notice or warning to plaintiff carelessly and negligently rang the bell and thereby signaled to said motorman to start said car to running, and said motorman carelessly and negligently immediately started said car with a quick and sudden jerk, and thereby caused said plaintiff to lose her balance and to fall with great force and violence from said car steps onto the hard surface of the said street pavement and upon the rails of said defendant's said line of railway, thereby causing her to receive severe cuts, wounds and bruises upon her head, spine and body and to become sick and sore, and to become permanently afflicted with injury to her mind and body so that she has ever since been an invalid, suffering in body and mind, from the effects of said injuries inflicted by said defendant as aforesaid; and plaintiff further says that said injuries were inflicted upon her as aforesaid without any fault or negligence on her part or on the part of said Frank Brown as such next friend, but wholly by the fault, carelessness and negligence of said defendant, to her damage in the sum of fifteen thousand dollars.

"Wherefore, plaintiff demands judgment for fifteen thousand dollars damages, and for all proper relief."

Answer in denial. Verdict and judgment for $5,000. Appellant's motion for a new trial was overruled, and that action of the court is the only error assigned. Appellant specified in said motion thirty-four grounds for a new trial; but it appears from its brief that it waives all of them except those hereinafter considered.

(1) Henry Oberholtzer, a witness in behalf of appellee, was permitted to testify, over appellant's objection, that about one minute after the accident the conductor in charge of the car made the statement, relating to the occurrence, "Oh, hell! If they don't know enough to get on, let them stay off!" This statement was admitted on the theory that it was *res gestae*. After cross-examining the witness on this subject, appellant moved to strike out said statement and that it be withdrawn from the jury. This motion was overruled. After all the evidence for appellee had been introduced and appellee had rested, appellant called the conductor as one of its witnesses, and he denied making the statement imputed to him by Oberholtzer. Pending the cross-examination of the conductor, one of appellee's counsel informed the court that he had come to the conclusion that the testimony given by Oberholtzer "is a little close to the line"; that the problem he had in mind was whether the conductor of the car could bind the company by a declaration of any kind; and that he desired to withdraw said statement. To the proposed withdrawal of said testimony appellant's counsel objected on the ground that the court admitted the testimony over his objection and subse-

quently overruled his motion to strike it out, and that by reason thereof he was obliged to controvert it by the testimony of the conductor. The court overruled this objection, and thereupon counsel for appellee withdrew said statement and asked the court to instruct the jury with reference thereto. The court then informed the jury that said testimony was withdrawn and directed them not to consider the statement made by the witness Oberholtzer. Appellant then moved 'to set aside the submission of the cause on the ground that the withdrawal of prejudicial evidence does not correct the error. This motion was overruled.

The general rule is that where incompetent evidence, erroneously admitted, is subsequently withdrawn and the court directs the jury not to consider it, the error is rendered harmless. *Ohio Valley Trust Co.* v. *Wernke* (1912), 179 Ind. 49, 55, 99 N. E. 734; *McDonel* v. *State* (1883), 90 Ind. 320, 327; 11 Ency. Pl. and Pr. 307. We cannot agree with the statement of appellant's counsel that he was obliged

2.    to controvert testimony erroneously admitted. He was not obliged even to move to strike it out. *Glenn* v. *Clore* (1873), 42 Ind. 60. He might have ignored it throughout the remainder of the trial and relied on it for a new trial or a reversal on appeal. His election to recognize it and contradict it, while entirely proper, cannot justify an exception to the general rule. The action of appellee's counsel in withdrawing said testimony and the action of the court in directing the jury not to consider said testimony and in refusing to set aside the submission were proper and commendable.

(2)    As a witness for appellant, Frank R. McCall

testified that he was the conductor in charge of the car at the time of the alleged accident; that he

3.   did not think there were any passengers at the Williard avenue crossing that evening; that if he had observed any women or children he would have gotten off and assisted them to get on the car, because it was his custom so to do; that it was his recollection that he stood on the platform or on the steps and gave the signal to start on the bell cord; that he did not remember of seeing a little girl there with a little boy; that after the car had started and he had commenced collecting fares, he heard a scream like that of a child, and on looking back he saw a girl about ten or eleven years old and a little boy standing there, and that two ladies came up, but that there was nothing to lead him to believe that any one was hurt; that he was four or five feet in the car before he heard that scream; that when he saw some ladies looking back, then he looked back and saw what it was; that he made no report to the company of the occurrence; that he did not know at the time that any one had fallen; and that he did not know that there was any claim that anybody had been thrown off the car when trying to get on at that time. On cross-examination, appellee's counsel laid a proper foundation for impeachment by directing the attention of the witness to the time and place of the conversation with Oberholtzer and by asking the witness if Oberholtzer did not then and there ask him the question, "Are you going to stop?" and if the witness did not answer Oberholtzer by saying, "Oh, hell! If they don't know enough to get on, let them stay off!" In rebuttal, for the purpose of impeachment only, Oberholtzer was permitted to

testify, over appellant's objection, that the conductor made the statement above set out, at the time and place and under the circumstances indicated.

It is well settled that where the testimony of a witness upon a material point is prejudicial to the opposite party, such witness, after the proper foundation is laid, may be impeached by proof of his prior inconsistent statements. 2 Elliott, General Practice §674; *Pape* v. *Lathrop* (1897), 18 Ind. App. 633, 650, 46 N. E. 154; *Blough* v. *Parry* (1896), 144 Ind. 463, 40 N. E. 70, 43 N. E. 560. From the testimony given by the conductor the jury might reasonably have drawn the conclusion that he was exceptionally diligent, attentive and faithful in the discharge of his duties; that he was in a position to have seen the girl if she had been where she claims to have been; that because he did not see her, she was not there; and that her story of the alleged occurrence is a fabrication. It is clear, therefore, that the statement made by him to Oberholtzer is inconsistent with his testimony. That it was admissible for the purpose of impeaching McCall, there can be no doubt. On this point the court gave the following instruction: "No. 16. Evidence has been permitted to go to you of a statement made by the conductor to the witness Oberholtzer, by way of impeachment. You are instructed that this evidence is not to be treated by you as evidence of a substantive fact, if any, referred to in such statement, but only for the purpose of determining the credibility of the conductor as a witness; and it is for you to determine from the evidence, where witnesses contradict each other, which is the more worthy of credit and give credit accordingly, and for this purpose you may take into consideration their interest, if any, their demeanor on

the stand, and all the circumstances and facts proven in the case.'' Under these circumstances, the admission of Oberholtzer's testimony is not error.

(3) Mrs. Ada Brown, mother of the injured girl, was permitted to testify, without objection, that two or three weeks after the girl was hurt she (the mother) called on the company's president, Charles M. Wilcoxin, one evening at his home; but the court refused to allow her to state the purpose of the call. Afterward appellant called Mr. Wilcoxin as its witness, and he denied that Mrs. Brown ever called on him at his home after the accident. On cross-examination he stated that he based this testimony purely on his recollection; that he could not remember all the people who called on him in the last four or five years; but that he had not forgotten very many of them. He was then asked this question: ''To refresh your recollection, didn't Mrs. Brown come to your house one evening after office hours during the summer or fall of 1910 and say to you that her daughter had received an injury by being thrown off one of the cars of the South Shore Road at Williard Avenue Station in May, that year; that she was seriously hurt; that she had quite a considerable family; that they were poor and they wanted to administer medicine and treatment; and didn't she ask you if your company would contribute something for her care?'' To this question appellant objected on the ground: ''There is no need of refreshing his recollection. The witness has decidedly testified that she didn't call on him, and this is done simply to bring before the jury what is incorporated in the question.'' This objection was overruled and the witness answered ''No.'' In this court appellant urges that it amounts to misconduct to

incorporate in the question the "assumed facts on the theory of refreshing the recollection and thus appealing to the prejudices of a jury."

In its motion for a new trial the asking of said question is not characterized as misconduct. The specification in said motion is: "That the court erred in permitting the plaintiff's attorney to ask the witness C. M. Wilcoxin the following question on cross-examination: (here insert):" We are referred to no authority on this point. Under ordinary conditions it cannot be error for the court to permit the asking of a question of this character on cross-examination. The right of cross-examination is necessarily one of broad scope and privilege. 2 Elliott, General Practice, ch. 25. In view of the special circumstances under which it was propounded, the question was within the rules of cross-examination.

It should be observed also that the entire subject-matter of Mr. Wilcoxin's testimony is wholly immaterial. The fact that Mrs. Brown did or did not make that call could not have aided the jurors in the slightest degree in making up their verdict.

In connection with appellant's contention that the mere asking of the question tended to prejudice the jury, it is proper to observe that the court gave the following instruction: "No. 15. You are instructed that you should not permit any feeling of prejudice to influence you in this case in coming to a conclusion; and the fact that the defendant is a corporation and the plaintiff is an individual and a girl, should not be permitted by you to arouse in your mind a feeling or prejudice as against the defendant, or decide this case as a matter of sympathy for the plaintiff."

(4) Appellant says that the verdict is contrary

to law because there is no proof that the girl was ready to pay her fare if she had succeeded in entering the car. The evidence shows that the injured girl and her little brother went from their home in the morning on appellant's road to Michigan City to visit their aunt; that in the evening they went to Williard avenue crossing with the intention of returning home on appellant's road; that said crossing is a regular stopping place for appellant's cars for the accommodation of passengers; that she signaled the car to stop; that the car did stop and some passengers got off; that she helped her brother on the car; and that she was in the act of climbing the steps when she was thrown by the sudden starting of the car. In view of this evidence, if appellant's officers or agents suspected that the girl was a mere trespasser and desired to avail themselves of that suspicion, the duty was upon them to prove that the suspicion was well founded. *Citizens Street R. Co.* v. *Jolly* (1903), 161 Ind. 80, 67 N. E. 935.

(5) The tenth instruction, given by the court on its own motion, is in the following words: "If you find that at the time of the alleged injury plaintiff was attempting to board a car upon defendant's railroad for the purpose of riding thereon as a passenger, I instruct you that it was the duty of the defendant to stop such car a sufficient length of time to enable plaintiff, in the exercise of due prudence and care, to climb upon the platform and enter the car; and if the servants of the defendant in charge of the car fail so to do, but started the car in motion while plaintiff was climbing the steps leading to its entrance and before she had time to reach a place of safety, the defendant was guilty of negligence. If

you further find that plaintiff was thrown against or upon the framework of such car or upon the ground as a result of such negligence, and without any fault or negligence upon her part, and that she was thereby injured, your verdict should be for the plaintiff.'' To this instruction appellant objects on three grounds: First, because it makes no ''reference to whether she was making a reasonable effort to get on or not''; second, because the duty resting upon the company ''was not to wait long enough for plaintiff to enter, but to afford a reasonable opportunity to enter''; third, because it invades the province of the jury by making the question of negligence one of law rather than one of fact.

The first and second objections to the instruction are not well taken. The language of the instruction implies everything for which appellant is contending by these objections. Furthermore, it does not appear that appellant contended at the trial that there was any slowness or delay on the girl's part, or that she attempted to board the car in an improper manner.

The third objection to the instruction is also unavailing. If the court can do nothing more than deal in abstract generalities in its charge, then in every case involving negligence the jury are left at sea, a law unto themselves. It is the duty of the court, in every case in which a general verdict is to be returned, to instruct the jury as to the force and legal effect of the facts which may have been proved within the issues. 1 Thornton, Negligence §62, and cases there cited. If negligence is a question of law, the judge may say that there is or is not negligence under a given state of facts, and the jury must accept

this conclusion as they must his ruling on any other question of law. 2 Cooley, Torts (3d ed.) ch. 21.

The instruction left the jury free to determine the facts for themselves; but it informed them that, if they found a certain state of facts to exist, then negligence followed as a matter of law. This was proper. It is the duty of a carrier of passengers to exercise the highest degree of care for their safety, and a failure to discharge this duty is negligence. The instruction correctly states the duty that rested on the carrier in this particular case; and if the jury found the facts to be true, as enumerated in the instruction, then a violation of that duty was thereby established. *Conner* v. *Citizens' Street R. Co.* (1896), 146 Ind. 430, 45 N. E. 662; *Terre Haute, etc., R. Co.* v. *Buck* (1884), 96 Ind. 346, 49 Am. Rep. 168.

(6) Appellant complains of the giving of two other instructions by the court of its own motion and of its refusal to give one requested by appellant. These instructions deal exclusively with the elements of damages; and, since the question of excessive damages is not presented by appellant's brief, these alleged errors will not be considered. *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 140, 107 N. E. 486.

No error having been shown, the judgment is affirmed.

NOTE.—Reported in 115 N. E. 368. Negligence of street car company in starting car before passenger has reached place of safety, liability, 42 L. R. A. 294, 4 L. R. A. (N. S.) 558, L. R. A. 1915A 797. See under (5) 10 C. J. 1040.