PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY
*v.* FODDER ET AL.

[No. 14,884.   Filed January 22, 1935.]

*Frank H. Hatfield* and *Louis L. Roberts*, for appellant.

*French Clements*, for appellees.

WOOD, J.—The appellee, Rosa E. Fodder, by her amended complaint, brought suit against appellant and her co-appellee to recover the proceeds alleged to be due her on a contract of insurance issued to her husband, William E. Fodder, by said insurance companies. The insurance companies filed an answer in general denial, and an answer in payment. The cause was tried to the court on these issues. At the request of the insurance companies (defendants below) the court found the facts specially and stated its conclusions of law thereon.

From the special finding of facts it appears, that on January 26, 1927, The National Life and Accident Insurance Company issued a policy of insurance to William E. Fodder, being the policy sued upon in this

action. August 1, 1927, this policy of insurance was sold to appellant, which assumed all liabilities of the policy, and it was the same policy sued upon by Rosa E. Fodder. This policy was issued on the life of William H. Fodder, insuring him against loss from sickness or accident, provided for the payment of $40 per month in case of total disability, and named Rosa E. Fodder as beneficiary, in case of death of the insured; among other provisions of the policy was the following:

"Section E. The Company will pay indemnity at the rate of the MONTHLY INDEMNITY for each whole day (24 hours) not exceeding twelve consecutive months that the insured is totally and continuously disabled and prevented from performing every duty pertaining to any business or occupation, and is continuously under the professional care and treatment of a licensed physician, if such total disability is caused solely and exclusively by such sickness, and in addition the Company will pay AN AMOUNT EQUAL TO TEN TIMES THE MONTHLY INDEMNITY, if such sickness shall, within one year from its beginning, be the direct and sole producing cause of total and irrecoverable loss of sight, or of permanent paralysis, or of any permanent total disability whereby the insured is totally and permanently unable to engage in any occupation or business whatever for wages or profit. Such payment shall terminate this policy and all liabilities of the Company thereunder."

The insured died November 20, 1931, leaving Rosa E. Fodder, his widow, as his sole and only heir at law and beneficiary under the contract. He performed all the conditions precedent required of him under the policy up to and including the date of his death and it was in full force and effect at that time; he became ill on May 9, 1931, with abscess of the lungs and liver, and was attended continuously by two legally licensed physicians; the appellant paid insured $40 per month from May 9, 1931, until two weeks prior to November 20, 1931, when he died; on October 24, 1931, insured

suffered a stroke of paralysis and from that date until November 20, 1931, he suffered eleven strokes of paralysis; November 1, 1931, he was paralyzed and was unable to speak or to move the right side of his body, which condition continued until the date of his death; after the death of the insured, Rosa E. Fodder made due and proper proofs of loss under the policy; appellant denied liability on the policy December 17, 1931, before the commencement of this action, appellant offered to confess judgment for the sum of $40.

On this finding of facts the court concluded the law to be, "that the law is with the plaintiff and that Section E of the contract of insurance should be construed in favor of the plaintiff and entitles her to the additional amount of money equal to ten (10) times the monthly indemnity in the amount of Four Hundred ($400.00) dollars, with interest at six (6) per cent, due from December 17, 1931."

Judgment was rendered against appellant in accordance with the conclusion of law. Appellant duly excepted to the conclusion of law, also filed a motion for a new trial, alleging as causes therefor, error in assessment of the recovery, that the amount was too large; the finding of the court was not sustained by sufficient evidence; the finding of the court was contrary to law.

Appellant appeals assigning for reversal error in the conclusion of law, and in overruling its motion for a new trial.

The exception to the conclusion of law admitted for the purpose of the exception only, that the facts upon which the conclusion was based had been fully and correctly found, limited, however to the facts found within the issues formed by the pleadings. The appellant can, as was done in this case, controvert the truth of the facts contained in the special finding by filing a motion for a new trial. 2 Watson's,

Works Practice, sec. 1609. It is also the law sustained by an unbroken line of authorities that the special finding of facts must contain all the facts necessary to entitle the party to a recovery, in whose favor the conclusions of law are found. And on appeal all facts not embraced within the special finding will be deemed as not proven by the party having the burden of the issue, and the failure to find a fact essential to recovery will be regarded as a finding against the party having the burden of proving the same. 2 Watson's, Works Practice, sec. 1594.

The overruling of appellant's motion asking the court to re-state its conclusion of law, of which ruling complaint is made, presents no question for our consideration. *Radabaugh* v. *Silvers* (1893), 135 Ind. 605, 35 N. E. 694; *Sweitzer* v. *Heasley* (1895), 13 Ind. App. 567, 41 N. E. 1064.

Appellant has not discussed the amount of the recovery in its brief, so that alleged cause for a new trial is waived.

The policy of insurance was read in evidence. All the balance of the evidence, upon which the court made its special finding of facts, was stipulated. Appellant contends, that, that portion of special finding ten, reading as follows: "That after the death of the decedent the plaintiff made due and proper proofs of loss to the defendant," is not sustained by any evidence. In this contention appellant is correct, but in said finding then the court further found, "that defendant denied its liabilities on the said contract on December 17, 1931, all before the commencement of this action." This portion of the finding is supported by the evidence. Appellant having denied liability on the policy before suit, relieved the appellee, Rosa E. Fodder, from the necessity of either alleging or proving that she had made proof of loss as required in the policy in order

to entitle her to recover. *Providence Washington Ins. Co.* v. *Wolf* (1907), 168 Ind. 690, 80 N. E. 26, 120 Am. St. 395.

Appellant next contends that there is no evidence to support special finding eleven in which the court found as a fact, that appellant offered to confess judgment in the sum of $40. It was stipulated by the parties that the cause of action was commenced February 2, 1932, and that on March 5, 1932, appellant in open court filed an offer to allow judgment to be taken against it for $40. Appellant argues that an offer to allow judgment to be taken is made after suit is filed and is controlled by Sec. 2-1801, Burns 1933, sec. 320, Baldwin's Ind. St. 1934, while an offer to confess judgment is made before suit is filed and is controlled by Sec. 2-1802, Burns 1933, sec. 321, Baldwin's Ind. St. 1934. It is true that the first proceeding as above indicated is designated as an offer to allow judgment to be taken, while the second is designated as an offer to confess judgment. It is not what the procedure under either section of the statute is called, that establishes the line of demarcation between them, it is the time when the offer is made, that distinguishes the two proceedings. The primary purpose of the offer in either event is to escape liability for costs. An acceptance or rejection of the offer under either section of the statute accomplishes the same result. Furthermore the word "admit" is a synonym for both allow and confess and we think that they can be used interchangeably to express the same thought. The contention is too technical to merit serious consideration.

Finally appellant asserts that section E of the policy was improperly construed by the trial court. With this assertion we are not in accord. Besides providing for the payment of monthly indemnity for a period not exceeding twelve months, while the

insured was totally and continuously disabled, it was agreed that "in addition the company will pay an amount equal to ten times the monthly indemnity, if such sickness shall, within one year from its beginning, be the direct and sole producing cause of total . . . permanent paralysis, or of any permanent total disability, whereby the insured is totally and permanently unable to engage in any occupation or business whatever for wages or profit."

The insured became ill May 9, 1931, with abscess of the lungs and liver; October 24, 1931, he suffered a stroke of paralysis; from that date until November 20, 1931, when he died he suffered eleven strokes of paralysis. From May 9, 1931, until November 20, 1931, and within a period of one year, because of such sickness he became totally and permanently unable to engage in any occupation or business whatever for wages or profit. These facts were sufficient to bring the beneficiary within the terms of said section of the policy.

If for the sake of argument, it be considered that the terms of the policy are uncertain and equivocal, still appellant's contention cannot be sustained. When insurance contracts are uncertain and equivocal, they will be construed against the insurance company, for they are prepared by the company itself, their effect carefully weighed and determined upon, and the parties do not deal upon an equal footing. They are liberally construed in behalf of the insured so as to accomplish their purpose, doubts are resolved in favor of the insured and strict construction will be invoked against forfeitures. *Masonic Accident Ins. Co.* v. *Jackson* (1929), 200 Ind. 472, 164 N. E. 628; *Colt* v. *Hicks* (1933), 97 Ind. App. 177, 179 N. E. 335.

The court did not err in overruling appellant's motion for a new trial, nor in its conclusion of law.

Judgment affirmed.