PECKHAM *v.* SMITH, A MINOR, ETC.

[No. 18,993. Filed March 23, 1960.]

*Ralph Waltz,* of Noblesville, *Hugh Watson, Hugh E. Reynolds* and *Locke, Reynolds, Boyd & Weisell,* all of Indianapolis, for appellant.

*Aribert L. Young, Armstrong, Gause, Hudson & Kightlinger,* both of Indianapolis, *Frank W. Campbell* and *Campbell, Campbell, Malan & Kyle,* of Noblesville, for appellee.

GONAS, J.—This action was brought by appellee for personal injuries sustained while riding a bicycle and colliding with an automobile operated by appellant.

Upon the issues joined, the cause was submitted to a jury for trial. The verdict was in favor of appellee and judgment was entered accordingly.

Appellant argues that the verdict is not sustained by sufficient evidence; that it is contrary to law; and that the court should have directed a verdict in his favor. This requires an examination of the evidence most favorable to appellee.

It appears from the evidence that Washington Boulevard in Indianapolis is forty feet wide and runs in a general north and south direction, and that it is intersected by another paved highway known as East 46th Street, which is twenty-four feet wide and runs in a general east and west direction. There is an electric signal at the intersection with a flashing red light directing traffic on 46th Street and a flashing yellow light directing traffic on Washington Boulevard. There are street lights at the intersection, and the area adjacent to the intersection is a residential area.

Appellee, then eleven years of age, on November 10, 1954, shortly before 7:00 o'clock P.M. was riding his bicycle to a Boy Scout meeting on East 46th Street, approaching the intersection from the west, and appellant was operating his automobile in a northerly direction, approaching the intersection from the south. Both appellant and appellee were familiar with the intersection. It was dark. There was a red reflector tape on the front and rear fenders of the bicycle, as well as on

the chain guard and the entire length of the tank. The street lights were on at that intersection.

When appellee reached the intersection he stopped and looked to the south, where he saw appellant's automobile approaching. Appellant's automobile was at about the first or second house north of 45th Street, or between the two houses, and was about 400 feet from the intersection where the accident occurred.

Appellee testified that he thought he had enough time and proceeded east into the intersection. He remembers nothing after he left the southwest curb until after he was in the hospital.

Following the accident appellant's automobile came to a stop on the east side of Washington Boulevard about two or three feet from the east curb, with its rear bumper about two feet north of the north curb of 46th Street. There were skid marks on the pavement starting just south of the south curb line of 46th Street and continuing to where appellant's car stopped.

After the accident, appellee was found lying in the street from six to twelve feet in front of the automobile, and his bicycle was three or four feet further north. There was an indentation on the fender on the left side of appellant's car just above the bumper and below the headlight.

Appellant testified that the impact from the collision between the car and the bicycle occurred close to the north curb line of 46th Street, and that appellee was thrown through the air from the point of impact, and went a distance of thirty to thirty-two feet. This is the view of the facts presented by appellee.

Appellant duly filed a motion for a new trial, which was overruled. Appellant's motion for a new trial contained the following specifications:

1. The verdict of the jury is not sustained by sufficient evidence.

2. The verdict of the jury is contrary to law.

3. The damages assessed by the jury are excessive.

4. The Court erred at the trial in overruling the motion of the defendant for a directed verdict filed at the close of plaintiff's evidence, and in refusing to instruct the jury to return a verdict for the defendant.

5. The Court erred at the trial in overruling the motion of the defendant for a directed verdict filed at the close of all the evidence, and in refusing to instruct the jury to return a verdict for the defendant.

6. The Court erred at the trial in giving to the jury plaintiff's tendered Instruction No. 3, to the giving of which defendant objected, in accordance with Rule 1-7, as follows:

"The defendant now, before the beginning of the argument, objects to the giving of Plaintiff's Instruction 3 for the reason that the instruction is not within the issues presented by the complaint and the answer filed thereto. No issue or no pleading attempts to allege that the negligence of the parents of the plaintiff contributed in any way to his alleged injuries and the same is clearly without the issues of the complaint and should not even be mentioned either affirmatively or negatively."

7. The Court erred at the trial in giving to the jury plaintiff's tendered Instruction No. 17, to the giving of which defendant objected, in accordance with Rule 1-7, as follows:

"The defendant objected to Instruction No. 17 tendered by the plaintiff for the reason that the instruction is premised on the fact that the plaintiff was of a sufficient age and understanding to be held accountable for contributory negligence and then states that if he was so accountable that he had a right to rely until he had notice to the contrary, upon the assumption that the defendant would keep

a proper lookout for the further reason that the intersection, to accurately state the rule of law applying to the facts in the case, should state that both plaintiff and defendant, under such circumstances have the right to assume that the other would obey the law as related to the situation of the parties at the time of the accident and as the instruction states the jury would be informed that the defendant would be held accountable and that the plaintiff had a right to assume certain acts on the part of the defendant, but it does not state that the defendant had the same right to assume those facts and circumstances in so far as the plaintiff is concerned."

8. The Court erred at the trial in giving to the jury the plaintiff's tendered Instruction No. 19, to the giving of which defendant objected in accordance with Rule 1-7, as follows:

"The defendant objects to plaintiff's instruction 19 because it is an inaccurate statement of the law relating to the duties and obligations of one approaching an intersection. The instruction informs the jury that one approaching an intersection must proceed with reasonable safety under all circumstances existing as shown by the evidence, whereas a proper instruction would be that it must be as shown by the evidence at the time of and immediately prior to the entrance into the intersection. Under the instruction as written it does not take into consideration that he is required to act with reasonable safety under the circumstances existing at the time that he enters the intersection and the instruction is not so limited and since the statute fixes the duties and obligations and provides that what the party should do at an intersection controlled by traffic lights that this instruction is not a proper statement of the law as it applies to the situation as made out by the complaint, the answer, and the evidence."

9. The Court erred at the trial in giving to the jury the plaintiff's tendered Instruction No. 20, to the giving

of which defendant objected in accordance with Rule 1-7, as follows:

"The defendant objects to instruction 20 for the reason that said instruction is not a proper instruction relating to the evidence or the issues made by the case. The matter of the appointment of doctors to make the examination and calling the doctors as a witness is not a proper matter of instruction to the jury since the doctors are in the same classification as any other witness, they are subject to call on behalf of either party at any time and there are no witnesses subject to call as of one party as against the other. The only effect of the instruction is to give the impression to the jury that these doctors as witnesses are in some different classification than any other witness that might be called in a case. The mere fact they were appointed by the court to make the examination upon the application of the defendant does not make the doctors any different than any other witness that might be called in the case."

10. The Court erred at the trial in giving to the jury the plaintiff's tendered Instruction No. 23, to the giving of which defendant objected in accordance with Rule 1-7, as follows:

"The defendant objects to the giving of Instruction 23 tendered by the plaintiff for the reason that there is no evidence here on the part of the plaintiff or defendant in this case that indicates in any way the violation of said statute by the defendant. The plaintiff does not even contend in the complaint that the defendant did."

11. The Court erred at the trial in giving to the jury the plaintiff's tendered instruction No. 24, to the giving of which defendant objected in accordance with Rule 1-7, as follows:

"The defendant objects to the giving of Instruction 24 for the reason that it is an inaccurate statement of the doctrine that the defendant if he had

sufficient time and opportunity to avoid the collision by exercise of due care he would be guilty of negligence. The instruction improperly states the law in that it would have to state to the jury if by the exercise of due care under the circumstances that existed after he had knowledge of all the evidence by the exercise of due care under those circumstances he could have avoided the accident, then he would be guilty of negligence. It is not a correct statement of the law relating to the exercise of due care when confronted with an emergency as shown by the evidence in this case."

12. The Court erred at the trial in refusing to give to the jury instruction numbered 1 tendered and requested by the defendant.

13. The Court erred at the trial in refusing to give to the jury instruction numbered 5 tendered and requested by the defendant.

14. The Court erred at the trial in refusing to give to the jury instruction numbered 8 tendered and requested by the defendant.

Appellant questions the sufficiency of the evidence to sustain the verdict and, of course the rule in the Appellate Court is that when the sufficiency of the evidence is questioned, the Appellate Court is not required to weigh the evidence, and will only examine the record to see if there is any evidence, or any reasonable or logical inferences which may be drawn from the evidence, which if believed by the jury, will sustain the verdict.

That the Appellate Court will not weigh the evidence is clearly stated in the case of *Kempf* v. *Himsel* (1951), 121 Ind. App. 488, 98 N. E. 2d 200, at page 498, as follows:

"On appeal, when the sufficiency of the evidence is questioned, we do not weigh the evidence, but we examine the record to see if there is any evidence,

or any reasonable or logical inference which may be drawn from the evidence, which if believed by the jury would sustain the verdict."

The duty to weigh conflicting evidence to determine where the preponderance lies is wholly within the province of the trial jury and the trial court. *Deal* v. *State* (1895), 140 Ind. 354, 356, 358, 39 N. E. 930.

The evidence presented regarding the skid marks, application of brakes before the tires skidded, feet per second that vehicles travel at various speeds, position of Appellant's automobile before and after collision, position of Appellee's bicycle after collision, position of Appellee's body after collision, and the plat of the scene of collision, all combine to provide competent evidence from which the jury could logically draw their conclusions. The jury weighed this evidence and the trial court weighed the evidence when it ruled upon appellant's motion for a new trial, but this court will not weigh the evidence. *Deal* v. *State, supra.* Specifications 1, 2, 5 and 12 of appellant's motion for a new trial do not present sufficient grounds for this court to reverse the judgment of the lower court.

Appellant predicates error on the giving of appellee's instructions 3, 17, 19, 20, 23 and 24.

Appellee's instruction No. 3, is as follows:

"No contributory negligence can be imputed or charged to the Plaintiff, Roger Smith, by reason of any act or omission to act on the part of his parents in permitting or allowing him to ride or operate his bicycle on the public streets of the City of Indianapolis at the time and place in question."

In substance, this instruction told the jury that no contributory negligence can be imputed or charged to appellee by reason of any act or omission on the part

of his parents in permitting or allowing him to ride or operate his bicycle on the streets at the time and place in question.

The objections were on the ground that the instruction is not within the issues of the case. It is not challenged as being an incorrect statement of the law. In our opinion, the evidence was such as to make the instruction applicable here. Further, while it is error to give instructions on an issue not supported by evidence, the giving of such instructions, does not require a reversal where no prejudice resulted to appellant. *Hoesel* v. *Cain, et al.; Kahler* v. *Cain, et al.* (1944), 222 Ind. 330, 53 N. E. 2d 165, 53 N. E. 2d 769; *Goldblatt Bros. Inc.* v. *Parish, et al.* (1942), 110 Ind. App. 368, 33 N. E. 2d 835, 38 N. E. 2d 255.

In our opinion appellant could not have been harmed by this instruction.

No authorities are cited in support of the contentions of error in the giving of instructions 17 and 19, and therefore any alleged error is waived. *Stanley* v. *Gieseking, et al.* (1952), 230 Ind. 690, 105 N. E. 2d 171; *Stoner* v. *Howard Sober, Inc.* (1957), 127 Ind. App. 338, 141 N. E. 2d 458; *Vermillion* v. *Gore* (1958), 128 Ind. App. 406, 148 N. E. 2d 851; *Thanos* v. *Fox* (1958), 128 Ind. App. 416, 149 N. E. 2d 315; *White* v. *State* (1958), 238 Ind. 498, 152 N. E. 2d 894.

The objection now urged to instruction 23 is not the objection made in the court below, and therefore no question is presented. Rule 1-7. *New York, Chicago & St. Louis Railroad Co.* v. *Laudenslager* (1957), 127 Ind. App. 301, 141 N. E. 2d 355; *Northern Indiana Public Service Co.* v. *Neilsen et ux.* (1952), 123 Ind. App. 199, 109 N. E. 2d 442; *Chambers* v. *State* (1953), 232 Ind. 349, 111 N. E. 2d 816; *Hinds,*

*Executor, etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553.

Instruction No. 20 is as follows:

"The Court upon the petition of the Defendant appointed Dr. Sam W. Campbell, M.D. and Dr. John S. Hash, M.D. to examine the Plaintiff. These doctors were appointed as disinterested physicians by the Court to assist the Court, the jury and the parties in presenting a fair and accurate picture of the Plaintiff's condition. Such doctors, both being Court appointees, could be called by either Plaintiff or Defendant."

In substance this instruction told the Jury that upon petition of appellee, two doctors, a Dr. Hash and a Dr. Campbell, were appointed by the court as disinterested physicians to assist the court, jury and parties in presenting a fair and accurate picture of appellee's physical condition, and that they could be called by either party. The objection to the instruction was that the matter of the selection of doctors to make the examination and calling them as witnesses was not a proper matter of instruction; that they are in the same class as any other witness and are subject to call on behalf of either party; that the instruction gives the impression that they are not in the same classification with other witnesses. Appellant argues that the instruction "undoubtedly influenced the jury in giving excessive consideration to the injuries of the appellee as testified to by these witnesses."

One of these doctors had been called as a witness for appellee, and there was introduced, without objection, as a part of appellee's case a written report of the other doctor. Their testimony was confined to their examination of the appellee approximately sixteen months after the accident and their findings therefrom. The parties had stipulated that Dr. Hash was one of two doctors

appointed by the court to make an impartial examination of appellee.

Testimony was also introduced, without objection, that Dr. Campbell on petition of appellant, was appointed by the court to make an examination of appellee.

There was no conflict in the evidence as to the nature or extent of appellee's injuries. No question is presented in this appeal as to the excessiveness of the amount of damages. It is true that one of the grounds of appellant's motion for a new trial is that the damages assessed by the jury are excessive. However, this ground has been abandoned. It is not argued in appellant's brief and is therefore waived. *State* v. *Smith, et ux.* (1957), 237 Ind. 72, 143 N. E. 2d 666; *Hunt* v. *State* (1956), 235 Ind. 276, 133 N. E. 2d 48. Appellant's argument is that instruction 20 influenced the jury in giving undue consideration to the injuries of appellee. Where no question of excessive damages is presented, alleged error in instructions as to damages will not be considered. *Chicago Lake Shore and South Bend Railway Company* v. *Brown* (1917), 66 Ind. App. 126, 115 N. E. 368; *Rickner* v. *Haller* (1954), 124 Ind. App. 369, 116 N. E. 2d 525.

We conclude that any alleged error in instruction 20 has been waived, in view of the fact that the amount of damages is not argued in appellant's brief.

Appellee's instruction No. 24 given by the Court was as follows:

"You are instructed that even though Plaintiff may have started across said intersection when Defendant's automobile was approaching said intersection from the south, yet if thereafter there was sufficient time and opportunity for the Defendant to have avoided a collision by the exercise of due care, such failure of the Defendant, if any, to exercise due care would constitute negligence."

To this instruction, appellant objects on the grounds that it was an inaccurate statement of law as relating to exercise of due care when confronted with an emergency as shown by the evidence.

Appellant's objection is directed to the proposition that said instruction attempts to state the law as to the doctrine of "last clear chance." However, it does not appear that the objection to the instruction was predicated on that theory.

The instruction is not mandatory and appellee undertook only to advise the jury as to the definition of negligence under the circumstances existing at the intersection at the time of the accident.

If the appellant considered said instruction incomplete in regard to the subject matter, he should have tendered his own instruction on the subject. In any event the objection proposed by the appellant to said instruction on this appeal is not the objection made by appellant in the court below, and therefore, under Rule 1-7 appellant's alleged error is not now available. *Tompkins* v. *Smith, Executor, et al.* (1952), 122 Ind. App. 502, 516, 106 N. E. 2d 487. *Sims Mtr. Transp. Lines, Inc.* v. *Davis, Admx.* (1955), 126 Ind. App. 344, 352, 130 N. E. 2d 82.

Specifications 13 and 14 of the motion for a new trial are not presented or argued by appellants, and are therefore, waived. See: Rules 2-17 (e) and 2-17 (f) of Supreme Court. Also, see: *Miller, et al.* v. *Long* (1956), 126 Ind. App. 482, 131 N. E. 2d 348, rehearing denied 132 N. E. 2d 272.

Judgment for appellee affirmed.

Bierly, P. J., Kelley, J., concur.

Smith, J., concurs in result.

NOTE.—Reported in 165 N. E. 2d 609.